

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2007

# Johnson v. Knorr

Precedential or Non-Precedential: Precedential

Docket No. 05-5029

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Johnson v. Knorr" (2007). *2007 Decisions.* Paper 1545.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1545

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 05-5029 and 05-5139

———————

GAMAL JOHNSON,

Appellant in No. 05-5029

v.

PAROLE AGENT DAVID KNORR, INDIVIDUALLY & AS A
PAROLE OFFICER FOR THE COMMONWEALTH OF PENNA.;
PAROLE AGENT WILLIAM JONES INDIVIDUALLY & AS A
PAROLE OFFICER FOR THE COMMONWEALTH OF PENNA.;
COMMONWEALTH OF PENNA. DEPT. OF PROBATION
& PAROLE; POLICE OFFICER JOHN DOE
INDIVIDUALLY & AS A POLICE OFFICER FOR THE CITY
OF PHILADELPHIA; POLICE OFFICER RICHARD ROE
INDIVIDUALLY & AS A POLICE OFFICER FOR THE CITY
OF PHILADELPHIA; CITY OF PHILADELPHIA

———————

GAMAL JOHNSON

v.

PAROLE AGENT DAVID M. KNORR, INDIVIDUALLY & AS A
PAROLE OFFICER FOR THE COMMONWEALTH OF PENNA.;
PAROLE AGENT WILLIAM JONES, INDIVIDUALLY & AS A
PAROLE OFFICER FOR THE COMMONWEALTH OF PENNA.;
COMMONWEALTH OF PENNSYLVANIA DEPT.
OF PROBATION AND PAROLE; POLICE OFFICER JOHN DOE,
INDIVIDUALLY & AS A POLICE OFFICER FOR THE CITY
OF PHILADELPHIA; POLICE OFFICER RICHARD ROE,
INDIVIDUALLY & AS A POLICE OFFICER FOR THE CITY
OF PHILADELPHIA; CITY OF PHILADELPHIA

David Knorr,

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 01-03418)
Honorable Legrome D. Davis, District Judge

Argued November 9, 2006

BEFORE:  SLOVITER, CHAGARES, and
GREENBERG, <u>Circuit</u> Judges

(Filed: February 14,  2007)

Martin Stanshine (argued)
Stanshine & Sigal
1528 Walnut Street
Suite 700
Philadelphia, PA 19102

   <u>Attorneys for Appellant in No. 05-5029</u>
   <u>and Appellee in No. 05-5139</u>

Thomas W. Corbett, Jr.
Attorney General
John G. Knorr, III (argued)
Chief Deputy Attorney General
Chief, Appellate Litigation Sector
Patrick J. McMonagle
Deputy Attorney General
Office of the Attorney General of
Pennsylvania
Department of Justice
Strawberry Square
Harrisburg, PA 17120

   <u>Attorneys for Appellant in No. 05-5139</u>
   <u>and Appellee in No. 05-5029</u>

2

Mia Carpiniello
City of Philadelphia
Law Department
1515 Arch Street
One Parkway
Philadelphia, PA 19102

Attorney for City of Philadelphia

————————

OPINION OF THE COURT

————————

GREENBERG, Circuit Judge.

I. INTRODUCTION

This matter comes on before the court on an appeal and cross-appeal from a district court order entered on October 31, 2005, in which the court granted summary judgment in favor of David Knorr, an agent of the Pennsylvania Board of Probation and Parole ("the Board"), in this action that a parolee subject to the Board's supervision, Gamal Johnson, brought against him. See Johnson v. Knorr, Civ. No. 01-3418, 2005 WL 3021080 (E.D. Pa. Oct 31, 2005). The incident giving rise to this case occurred on September 6, 2000, when there was an altercation in the Board's Philadelphia office between Johnson and Knorr.[1] At that time Board agents arrested Johnson in the office following which they took him to a district police station in Philadelphia for processing. On the basis of information that Knorr supplied to him, the investigating detective, Ronald Dove, with the approval of a Philadelphia assistant district attorney, filed a complaint against Johnson charging him with simple assault, aggravated assault, making terroristic threats, and reckless endangerment, all arising out of the altercation at the Board's office.

————————

[1] We are not certain whether the persons being served in the office were on probation or parole or both, but the distinction is not material for our purposes. Thus, we will refer to all the individuals as parolees. We do note, however, that in Johnson v. Knorr, Civ. No. 01-3418, 2003 WL 22657125, at *1 (E.D. Pa. Oct. 28, 2003), the court indicated that the sentence imposed on Johnson was a three-year term of probation. Yet in Johnson v. Knorr, 2005 WL 3021080, at *1, the court referred to Johnson as a "parolee."

3

Subsequently, however, a state court dismissed the charges following which Johnson initiated civil proceedings arising from the incident in the Philadelphia County Court of Common Pleas under 42 U.S.C. § 1983 and under state law against Knorr and certain other defendants who no longer are parties to this litigation. Initially Johnson charged Knorr under section 1983 with violation of his rights under the Fourth, Fifth and Fourteenth Amendments, and under state law on theories of false arrest, false imprisonment, and assault and battery, though not with malicious prosecution under either federal or state law. The defendants removed the case to the district court which ultimately granted Knorr summary judgment dismissing Johnson's claims, holding, inter alia, that the agents had probable cause to arrest Johnson for making terroristic threats though it did not make a probable cause finding on their other bases for Johnson's arrest. On Johnson's appeal, though we upheld the dismissal of Johnson's original claims and expressly upheld the finding with respect to probable cause for Johnson's arrest for making terroristic threats, we nevertheless reversed the order of the district court to the extent that we remanded the case to the district court to allow Johnson to assert claims for malicious prosecution. See Johnson v. Knorr, 130 Fed. Appx. 552 (3d Cir. 2005).

On the remand Johnson amended his complaint to advance claims for malicious prosecution under section 1983 predicated on the Fourth Amendment and under state law. Subsequently, Knorr again moved for summary judgment. In the disposition of that motion the district court, after noting that on the first appeal we upheld its finding that Knorr had probable cause to believe that Johnson had committed the crime of making terrorists threats, dismissed Johnson's malicious prosecution claim under section 1983 as the finding of probable cause barred the malicious prosecution claims for prosecution of all the criminal charges. The court, however, after rejecting Knorr's sovereign immunity defense to the state law claims, remanded those claims to the common pleas court as it declined to exercise supplemental jurisdiction over them. Johnson then appealed and Knorr cross-appealed as he challenged the district court's action in rejecting his sovereign immunity defense to the state law claims even though it was remanding those claims to the state court. Thus, Knorr's appeal raises a procedural and jurisdictional rather than a substantive issue.

The principal issue on these appeals is whether the finding that the agents had probable cause to arrest Johnson on a charge of making

4

terroristic threats without findings that they also had probable cause for his arrest on the other charges made against him defeats Johnson's cause of action for malicious prosecution on the remaining charges. In this regard Johnson argues that the district court improperly applied Wright v. City of Philadelphia, 409 F.3d 595 (3d Cir. 2005), to hold that "once an officer has probable cause to arrest for one offense, all possible malicious prosecution claims related to that arrest must also fail." Appellant-cross appellee's br. at 28. Because we believe that Johnson is correct, we will reverse the order of the district court on Johnson's appeal and will remand the case to the district court so that he may proceed on his malicious prosecution claims in the district court. Accordingly, we will direct the district court to vacate its order remanding Johnson's state law claims to the state court. Therefore, for the reasons we will set forth below, Knorr's cross-appeal is moot and we will dismiss it.

## II. FACT AND PROCEDURAL HISTORY

Inasmuch as the district court resolved this case by granting Knorr's motion for summary judgment, we consider the facts in the light most favorable to Johnson, though we do not doubt that Knorr's version of the events is different. See Gallo v. City of Philadelphia, 161 F.3d 217, 219 (3d Cir. 1998).[2] On September 6, 2000, Johnson, when on parole supervision transferred from Virginia to Pennsylvania, arrived at the waiting room at the office of the Board of Probation and Parole in Philadelphia to meet with his parole officer. At that time there were approximately 15 other parolees in the waiting room. While Johnson was in the waiting room, he heard another parolee who Johnson believed was having a seizure fall to the floor. At that point Johnson and at least two other parolees went to where the parolee had fallen to assist him. The fallen parolee was bleeding from his head and foaming from his mouth, and his eyes were rolled back in his

---

[2]As we have indicated, in its opinion granting Knorr summary judgment the district court rejected Knorr's sovereign immunity defense to Johnson's state law claims, and to that extent Knorr has cross-appealed. This procedural status suggests that with respect to the cross-appeal we should not consider the facts most favorably to Johnson. We, however, need not linger on this point as we are disposing of the cross-appeal on legal grounds and the facts material to our disposition are not in dispute.

head.

Approximately ten to 20 seconds later, Johnson observed Knorr and another agent standing in the doorway of the waiting room. Johnson implored Knorr to render aid to the fallen parolee, but Knorr did not do so. Instead, Knorr approached Johnson, and cursed at him and pushed him. There was then a verbal altercation between Knorr and Johnson, and, when Knorr motioned toward Johnson, Johnson told Knorr "not to put his hands on [Johnson] again . . . [and that] he better call some other people out of the back or something," app. at 231, language that Knorr "[t]ook . . . as a direct threat." Id. at 268. Knorr then ordered Johnson to leave the waiting room and pushed Johnson into the door, which swung open and struck another agent, William Jones. When several agents attempted to apprehend Johnson physically, he resisted. The agents eventually subdued Johnson, and handcuffed and arrested him in the office. Johnson remained in a detention room at the office for approximately one hour before the agents transported him to the district police station. As we have indicated, Detective Dove filed a complaint against Johnson charging him with simple assault, aggravated assault, making terroristic threats, and reckless endangerment, Jones being the victim of the alleged assault. Johnson remained in a cell at the police station for approximately two days until he was able to "make bail."[3] App. at 17, 392. Following a preliminary hearing on October 18, 2000, a state court dismissed the charges against Johnson.

On May 29, 2001, Johnson filed a civil complaint in the Court of Common Pleas of Philadelphia County against Knorr, Jones, the Commonwealth of Pennsylvania, the City of Philadelphia (collectively "defendants"), and two unnamed Philadelphia police officers whom Johnson never has identified and who thus have not been served with process or participated in this case.[4] Johnson alleged, inter alia, that he had been unlawfully searched and seized, arrested, and imprisoned, and that the defendants violated his due process rights as protected under the Fourth, Fifth, and Fourteenth

---

[3] In his deposition, Johnson could not recall whether he was in the cell for two or three days. In his civil complaint, Johnson claims that "he was held in a cell for approximately two (2) days." App. at 17. The bail amount was set at $6,000.

[4] In the circumstances, we are not treating the unidentified officers as parties to this litigation.

Amendments of the United States Constitution and under state law. Johnson asserted his claims against Knorr and Jones both individually and in their official capacities. The named defendants removed the case to the district court.

On the defendants' motions the district court dismissed the action against the Commonwealth of Pennsylvania, the City of Philadelphia, and Knorr and Jones in their official capacities, dispositions not at issue on this appeal. At the close of discovery, Knorr and Jones moved for summary judgment in their individual capacities. The court, however, denied their motion following which they filed a joint motion seeking reconsideration of the order denying the motions. The motion for reconsideration was partially successful as the district court granted summary judgment to Jones, though it continued to deny summary judgment to Knorr. In denying summary judgment to Knorr, the court found that, although there was a "sufficient basis for arresting [Johnson] for the offense of terroristic threats . . . Johnson has presented a sufficient factual basis on the limited question of whether Agent Knorr fabricated the assault upon Parole Agent Jones." Johnson v. Knorr, Civ. No. 01-CV-3418, 2003 WL 22657125, at *5-6 (E.D. Pa. Oct. 28, 2003). The court, however, did not say that Knorr did not have probable cause to arrest Johnson for the other offenses. Rather, there was a dispute of fact on that point.

Yet Knorr's attempts to terminate the action against him on motion prior to trial were not ended for on March 16, 2004, the court ordered Knorr to submit a supplemental summary judgment motion "on the discrete issue of whether if probable cause exists as to one offense, it exists for any offense that could be charged under the circumstances." App. at 507.1. After Knorr submitted that motion, Johnson filed an answer to it seeking its denial, and, alternatively, seeking to amend his complaint, arguing for the first time that he had a cause of action under section 1983 for malicious prosecution on the charges of aggravated assault and recklessly endangering another person. On June 11, 2004, the district court granted Knorr's supplemental summary judgment motion with respect to Johnson's claim of false arrest pursuant to Barna v. City of Perth Amboy, 42 F.3d 809 (3d Cir. 1994), in which we held that to avoid liability a defendant did not need probable cause for each and every charge but rather needed probable cause "as to any offense that could be charged under the circumstances." App. at 579 (quoting Barna, 42 F.3d at 819). At the same time the district court denied Johnson's motion to

7

amend his complaint to assert a claim of malicious prosecution.[5] Johnson then filed a timely appeal.

On Johnson's appeal challenging the dismissal of his false arrest charges, we affirmed in part and reversed in part. Johnson, 130 Fed. Appx. at 553. First, we affirmed the district court's order for summary judgment with respect to Johnson's claims for false arrest, explaining that "Johnson's statement to Knorr that he 'better call some other people out of the back or something' provided probable cause to believe that Johnson had uttered a terroristic threat." Id. at 554. We, however, reversed the district court's order denying Johnson's request to amend his complaint to assert constitutional violations based on a malicious prosecution theory, as we concluded that Knorr failed to specify how "allowing the amendment would be prejudicial to him." Id. at 555. Thus, we remanded the case so that Johnson could file an amended complaint predicated on malicious prosecution. At that point Johnson's original charges no longer were in the case as all the defendants had judgments in their favor on all the initial federal and state charges against them. Nevertheless, Knorr still was subject to the malicious prosecution claims that Johnson originally had not advanced.

On the remand, on May 26, 2005, Johnson filed an amended complaint against Knorr in which he reasserted the causes of action from his original complaint but added a cause of action alleging constitutional and state law malicious prosecution. App. at 600-05. Johnson claimed that Knorr "provid[ed] knowingly false information to the Philadelphia police, thus resulting in [Johnson's] malicious prosecution for several offenses, including aggravated assault[,] terroristic threats, recklessly endangering another person[,] and simple assault[,] despite the fact that [Knorr] knew or should have known

---

[5]In his complaint, Johnson did not set forth a claim of malicious prosecution. Nevertheless, according to Johnson, as he asserted in his brief opposing Knorr's motion for summary judgment, the complaint and the subsequent motions "clearly advise[d] [Agent Knorr] of all of the facts of a constitutional violation based on malicious prosecution." App. at 573. Johnson nonetheless requested to amend his complaint "in the event that it is believed that placing the words 'malicious prosecution' in the complaint is necessary." App. at 533.

that [Johnson] had committed none of these offenses."[6] App. at 604. Knorr again moved for summary judgment following which on October 31, 2005, the district court granted his motion with respect to Johnson's claim alleging unconstitutional malicious prosecution. In doing so, the district court principally relied on Wright v. City of Philadelphia, despite the court's belief that "ideological and philosophical absurdities . . . [could] accompany the application of [Wright to the facts of this case.]" Johnson, 2005 WL 3021080, at *8. The court, however, denied Knorr's motion for summary judgment with respect to Johnson's restated state law causes of action to the extent that Knorr advanced a defense on sovereign immunity grounds, and instead remanded Johnson's state law claims to the Philadelphia County Court of Common Pleas. Johnson filed an appeal, and Knorr filed a cross-appeal challenging the district court's denial of summary judgment on Johnson's state law claims on procedural and jurisdictional grounds contending that inasmuch as the district court was remanding those claims to the state court it should not have considered a defense to them.

## III. JURISDICTION AND STANDARD OF REVIEW

The district court had jurisdiction under 28 U.S.C. §§ 1331, 1367, and 1441, and 1343, and we have jurisdiction under 28 U.S.C. § 1291. Our standard of review is plenary over a grant of a motion for summary judgment. Dilworth v. Metro. Life Ins. Co., 418 F.3d 345, 349 (3d Cir. 2005). We will affirm the district court's grant of summary judgment in favor of Knorr if it appears that "there is no genuine issue as to any material fact and that [he] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

## IV. DISCUSSION

A. Malicious Prosecution

---

[6] The district court has treated the malicious prosecution claims involved on this appeal as arising solely under the Fourth Amendment. We note that Johnson also charged the defendants with assault and battery but we are not concerned with that claim as he made it only under state law.

9

We initiate our discussion of the merits of the case by setting forth germane principles of law. Knorr indicates in his brief that the issue on Johnson's appeal is whether his "malicious prosecution claim is foreclosed by the fact that his arrest was supported by probable cause." Appellee-cross-appellant's br. at 2. Johnson states the issue in much the same way, though he somewhat expands on Knorr's formulation by contending that in addition to causing him to be arrested for terroristic threats, a charge for which there was probable cause, Knorr caused Johnson to be arrested at the same time for charges for which there was not probable cause and fabricated evidence that Johnson had assaulted him to support those groundless charges.

To prove malicious prosecution under section 1983[7] when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003).[8] Malicious prosecution differs from false arrest inasmuch as "[a] claim

_____

[7]42 U.S.C. § 1983 provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

[8]The deprivation of liberty requirement is applicable where the malicious prosecution claim is under the Fourth Amendment. See infra n.15. But a constitutional malicious prosecution claim might be brought raising a First Amendment claim and not implicate liberty issues. Indeed, that was the situation in the Bivens action of Hartman v. Moore, 126 S.Ct. 1695 (2006).

for false arrest, unlike a claim for malicious prosecution, covers damages only for the time of detention until the issuance of process or arraignment, and not more." Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998); see also Heck v. Humphrey, 512 U.S. 477, 484, 114 S.Ct. 2364, 2371 (1994) ("[U]nlike the related cause of action for false arrest or imprisonment, [malicious prosecution] permits damages for confinement imposed pursuant to legal process."); Montgomery, 159 F.3d at 128-29 (Roth, J., dissenting) ("[A] false arrest claim, in which a person may have been illegally arrested even though guilty of the prosecuted offense, is very different from a malicious prosecution claim where the propriety of the prosecution itself depends on it being initiated with probable cause.").

In Wright, 409 F.3d at 603-04, an appeal that involved section 1983 claims for both false arrest and malicious prosecution, we explained that under Barna v. City of Perth Amboy the plaintiff's claim of false arrest would fail because there was probable cause for her arrest for one of the offenses for which she had been arrested. We further concluded that the existence of probable cause with respect to one offense for which the plaintiff was arrested similarly "disposes of her malicious prosecution claims with respect to all of the charges brought against her." 409 F.3d at 604 (emphasis added). We explained that "[t]o prevail on [a malicious prosecution] claim, [the plaintiff] must show that the officers lacked probable cause to arrest her." Id. [9]

---

[9]We observe that we adjudicated the issue relating to malicious prosecution in Wright in a single paragraph without citation of any precedent. This circumstance, however, does not diminish the precedential status of that case. We also observe that in light of the facts of that case, where the circumstances leading to the arrest and prosecution were totally intertwined, the result was reasonable because there the officers took their actions by the time of the arrest and thus before the prosecution. Here, however, Knorr's conduct was bifurcated in the sense that the agents first arrested Johnson and then, after the arrest, Knorr took steps by supplying information to Detective Dove that led to Johnson's prosecution. Indeed, in our opinion on the first appeal in this case, we took note of that point by indicating that Johnson argued "that he had stated a claim under a malicious prosecution theory, grounded not in the probation office confrontation, but in Knorr's statements about the incident made to Philadelphia police which led to [his] prosecution." Johnson, 130 Fed. Appx. at 554.

The Court of Appeals for the Second Circuit has held, however, that probable cause on one charge does not foreclose a malicious prosecution cause of action against a defendant for having brought criminal charges involving different elements. Posr v. Doherty, 944 F.2d 91, 100 (2d Cir. 1991). In Posr, the plaintiff asserted, inter alia, false arrest and malicious prosecution claims against two New York City Police Officers claiming that he was "unconstitutionally and unlawfully accosted, beaten, arrested, and jailed for forty hours, until he was able to post bail, on charges that were ultimately dropped." Id. at 93. In response to a jury question during deliberations, the district court instructed the jury that "if the jury found probable cause supporting any of the three charges of [1] disorderly conduct, [2] resisting arrest and [3] assault lodged against [the plaintiff], no liability for malicious prosecution could be found as to any of the charges filed." Id. at 100 (emphasis added). The jury ultimately found the defendant[10] not liable on the charge of malicious prosecution. Id. In concluding that the plaintiff was entitled to a new trial on the malicious prosecution cause of action, the court of appeals explained:

> If the rule were the one followed by the district court, an officer with probable cause as to a lesser offense could tack on more serious, unfounded charges which would support a high bail or a lengthy detention, knowing that the probable cause on the lesser offense would insulate him from liability for malicious prosecution on the other offenses.

Id.

In Luthe v. City of Cape May, 49 F. Supp. 2d 380, 394 (D.N.J. 1999), a case that the district court decided before we decided Wright, 409 F.3d 595, the court explained that "[t]he Third Circuit ha[d] not decided '[w]hether and in what circumstances a plaintiff may maintain a malicious prosecution action based on one groundless accusation, when probable cause existed for one or more other accusations made concurrently . . . .'" (quoting Rivera-Marcano v. Normeat Royal Dane Quality A/S, 998 F.2d 34, 38 (1st Cir. 1993)).[11]

_____

[10]The plaintiff in Posr asserted a malicious prosecution cause of action against only one of the defendants. 944 F.2d at 94-95.

[11]Rivera-Marcano was concerned with the law of Puerto Rico.

12

The court then applied the rule that the Court of Appeals for the Second Circuit set forth in <u>Posr</u>, 944 F.2d 91, and held that "the existence of probable cause to arrest [the plaintiff] on the charges of harassment and criminal mischief does not prevent her from maintaining a cause of action for malicious prosecution on the baseless charge of burglary." <u>Luthe</u>, 49 F. Supp. 2d at 396.

On this appeal, Johnson argues that the district court in this case erred in relying on <u>Wright</u> to dismiss his claim of malicious prosecution. In particular, Johnson urges that we limit <u>Wright</u>'s application to cases "in which the only evidence of malicious prosecution is lack of probable cause for certain offenses." Appellant-cross-appellee's br. at 18. According to Johnson, <u>Wright</u> is distinguishable from the present matter "in which fabrication of evidence and perversion of our system of justice is involved." <u>Id</u>.

We agree with Johnson to the extent that we do not understand <u>Wright</u> to establish legal precedent of such broad application that it would "insulate" law enforcement officers from liability for malicious prosecution in all cases in which they had probable cause for the arrest of the plaintiff on any one charge. <u>See Posr</u>, 944 F.2d at 100. As was true of the result reached by the district court in <u>Posr</u>, the result reached by the district court here would allow law enforcement officers to "tack on more serious, unfounded charges" for which there was not probable cause either for the arrest or for the initiation of criminal proceedings merely because there was probable cause for the arrest on any charge. <u>See id.</u> This result seems unprincipled to us as there is a distinction on the one hand between a simultaneous arrest on multiple charges where, in a sense the significance of the charges for which there was not probable cause for arrest is limited as the plaintiff in the ensuing civil action could have been lawfully arrested and thus seized on at least one charge and, on the other hand, prosecution for multiple charges where the additional charges for which probable cause is absent almost surely will place an additional burden on the defendant.

We also point out that this case is distinguishable from <u>Wright</u> for there a defendant police officer merely "prepared an affidavit of probable cause for [the plaintiff's] arrest," 409 F.3d at 598, and then, after an assistant district attorney approved the affidavit, arrested the plaintiff. Moreover, in <u>Wright</u> the defendants had probable cause to arrest the plaintiff in the first place, and their involvement apparently ended at the time of the arrest. In this case, however, according to

Johnson, Knorr, after the arrest at Knorr's office, "advised Philadelphia Police Detective Ronald Dove that he had been threatened and an assault had been committed upon Agent Jones." App. at 486. In his deposition, Knorr answered in the affirmative when asked if he wanted Johnson "to be charged," although "[i]f [the detectives] would have said we're not charging him, [he] wouldn't have argued the fact." Id. at 275. Knorr also stated that he "was a bit agitated" with Johnson based on their confrontation in the waiting room. Id. Therefore, Johnson's allegations against Knorr extend beyond his arrest and relate to Knorr's statements and conduct in supplying information to Dove leading to the initiation of criminal proceedings.

Furthermore, unlike the plaintiff in Wright, who did not make similar allegations, Johnson alleges that Knorr intentionally misrepresented the events that took place in the waiting room, see appellant-cross-appellee's br. at 11 ("In order to substantiate criminal charges being brought against Mr. Johnson, Agent Knorr fabricated, to Detective Dove, a set of facts which were known to be untrue and which led to Mr. Johnson's arrest by the Philadelphia police and prosecution by the District Attorney's office."), and Johnson alleges that Knorr intentionally and fraudulently fabricated the charges against him. Therefore, unlike the conduct of the defendants in Wright, Knorr's involvement in both the arrest and the initiation of criminal proceedings against Johnson was more extensive and lasted beyond the issuing of an affidavit of probable cause for his arrest and the arrest itself. In the circumstances, for both the legal and factual reasons we have set forth, we will not apply Wright to this case and thereby insulate Knorr from liability for the alleged fraudulent fabrication of baseless charges against Johnson.[12]

Our result is not inconsistent with the principle that, in analyzing false arrest claims, a court to insulate a defendant from liability need find only that "[p]robable cause . . . . exist[ed] as to any offense that could be charged under the circumstances." Barna v. City of Perth Amboy, 42 F.3d at 819. Thus, we do not question the rule that there need not have been probable cause supporting charges for

---

[12]We reiterate that in view of the procedural posture of the case we are taking the facts in the light most favorable to Johnson. For all that we know, it may be Johnson's allegations in this case, rather than Knorr's version of the September 6, 2000 incident, that may be baseless and fabricated.

every offense for which an officer arrested a plaintiff for the arresting officer to defeat a claim of false arrest. See Wright, 409 F.3d at 602-04. The rationale of this rule is that "[t]he existence of probable cause [for one offense] . . . justifie[s] the arrest-and defeats [the plaintiff's] claim of false arrest-even if there was insufficient cause to arrest on the [second offense] alone." Edwards v. City of Philadelphia, 860 F.2d 568, 576 (3d Cir. 1988). However, a cause of action for malicious prosecution may be based on the prosecution of more than one charge, and the validity of the prosecution for each charge comes into question inasmuch as the plaintiff was subject to prosecution on each individual charge which, as we have noted, is likely to have placed an additional burden on the plaintiff.

Overall, we are satisfied that notwithstanding the rule when a plaintiff is pursuing false arrest charges, a defendant initiating criminal proceedings on multiple charges is not necessarily insulated in a malicious prosecution case merely because the prosecution of one of the charges was justified. As the Court of Appeals for the Second Circuit explained in Posr, courts "need to separately analyze the charges claimed to have been maliciously prosecuted." Posr, 944 F.2d at 100. Accordingly, although the district court properly dismissed Johnson's claim of false arrest based on the existence of probable cause to arrest Johnson for terroristic threats, the court erred in dismissing his claim of malicious prosecution inasmuch as the court did not consider whether there was probable cause to initiate the criminal proceedings with respect to the remaining offenses. Therefore, we will reverse the order for summary judgment[13] and will remand the case to the district court for further proceedings on Johnson's malicious prosecution claims except any claim relating to terroristic threats as there was probable cause for the terroristic threat charges.[14]

---

[13]Though we are reversing the district court we nevertheless praise it for its faithful adherence to our precedent in Wright. After all, the court attempted to follow Wright even though it thought that applying Wright would lead to an absurd result.

[14]We note that Johnson's detention in the cell at the police station for approximately two days until he could "make bail," constitutes a "deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." See Estate of Smith, 318 F.3d at 521. Where the malicious prosecution claim sounds in the Fourth Amendment, the plaintiff "must show some deprivation of liberty

15

B.  <u>State Law Claims</u>

consistent with the concept of 'seizure.'"  Gallo, 161 F.3d at 222 (citation omitted).  In Gallo, the court found a seizure where the plaintiff "had to post a $10,000 bond, he had to attend all court hearings including his trial and arraignment, he was required to contact Pretrial Services on a weekly basis, and he was prohibited from traveling outside New Jersey and Pennsylvania." Id.  We found Justice Ginsburg's concurrence in Albright v. Oliver, 510 U.S. 266, 276, 114 S.Ct. 807, 814 (1994), "compelling and supported by Supreme Court case law," Gallo, 161 F.3d at 223, in which she stated that a defendant who is released on bail "is scarcely at liberty; he remains apprehended, arrested in his movements, indeed 'seized' for trial, so long as he is bound to appear in court and answer the state's charges." 510 U.S. at 279, 114 S.Ct. at 816. Similarly, in DiBella v. Borough of Beachwood, 407 F.3d 599, 603 (3d Cir. 2005), we recognized that "[p]retrial custody and some onerous types of pretrial, non-custodial restrictions constitute a Fourth Amendment seizure," though we nonetheless concluded that the plaintiffs' "attendance at trial did not [itself] qualify as a Fourth Amendment seizure."  See also Torres v. McLaughlin, 163 F.3d 169, 174 (3d Cir.1998) ("[T]he limits of Fourth Amendment protection relate to the boundary between arrest and pretrial detention.")

Here, Johnson was detained in a cell at the police station for approximately two days prior to being released when he could "make bail," and he was ordered to appear approximately six weeks later at a preliminary hearing.  Johnson's pretrial custody for approximately two days, the requirement that he make bail, and the fact that he was ordered to return in approximately six weeks for a hearing constitute a deprivation of liberty consistent with the concept of "seizure."

It is appropriate for us to make some points regarding the proceedings on the remand.  First, on the remand Johnson will have the burden to "show that the criminal action was begun without probable cause for charging the crime the first place." Hartman v. Moore, 126 S.Ct. 1695, 1702 (2006).  Moreover, the remand is without prejudice to Knorr contending in the district court, as he contended in this court, that Johnson cannot establish a Fourth Amendment malicious prosecution case because the prosecution for the additional charges for which there might not have been probable cause in no way resulted in additional restrictions on his liberty beyond those attributable to the prosecution on the terroristic threats charges for which there was probable cause.

16

On his cross-appeal, Knorr challenges the portion of the district court's order in which it dismissed Johnson's state law claims because it would not exercise supplemental jurisdiction over them, yet nonetheless addressed the merits of, and rejected Knorr's state law defense that he is immune from suit based on the principles of sovereign immunity. Knorr argues that the "[t]he district court erred by attempting simultaneously to assert and decline jurisdiction over Johnson's state law claims." Appellee-cross-appellant's br. at 12. Inasmuch as we are reversing the district court's order for summary judgment with respect to Johnson's section 1983 claim of malicious prosecution, we will vacate the district court's remand of his supplemental state law claims to the state court, and the district court on the remand should reinstate those claims.[15] See Estate of Smith, 318 F.3d at 522.

On the remand the district court will be exercising jurisdiction over Johnson's state law claims and consequently will be free to make substantive orders with respect to them. Thus, the district court on the remand may revisit all aspects of those claims and the defenses to them which is exactly what it would have done if we held that it erred in considering Knorr's sovereign immunity defense even though it was remanding the state law claims to the state court.[16] In the circumstances, Knorr's contention that the court erred in considering Johnson's state law claims on the merits is moot because Knorr on his appeal contends only that the court should not have reached the merits of those claims and, in light of our disposition of this appeal, now it should do so. Of course, we cannot consider the merits of Knorr's sovereign immunity defense because he does not contend that the district court substantively erred in its decision rejecting the defense and, accordingly, has not briefed the substantive issue raised by the defense. Therefore, we will dismiss his appeal.

---

[15]28 U.S.C. § 1367(c)(3) provides that a district court may decline to exercise supplemental jurisdiction over state law claims if the court has dismissed all of the claims over which it had original jurisdiction.

[16]Under Fed. R. Civ. P. 54(b) in a case in which a final judgment has not been entered, which in light of our disposition of the appeal is the situation here, any order "is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

## V. CONCLUSION

For the foregoing reasons on Johnson's appeal at No. 05-5029 we will reverse the order of October 31, 2005, and will remand this case to the district court for further proceedings consistent with this opinion. In particular, Johnson's malicious prosecution claims will be reinstated, the order remanding his state law claims to the district court will be vacated and Johnson will be able to pursue his section 1983 malicious prosecution claims and the supplemental state law claims in the district court. We, however, do not preclude the district court from declining to exercise jurisdiction over the supplemental state law claims should it again dismiss Johnson's section 1983 claims. Knorr's appeal at No. 05-5139 is dismissed as moot. The parties will bear their own costs on this appeal.

———————