

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2007

# Jones v. Middletown

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3574

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Jones v. Middletown" (2007). *2007 Decisions.* Paper 244.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/244

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-3574

JOHN JONES, SR.;
GAIL K. JONES,

Appellants

v.

MIDDLETOWN TOWNSHIP; JOHN FEENEY, Sgt.; BRIAN REEVES, Officer;
UNNAMED MIDDLETOWN POLICE OFFICERS; LOWER SOUTHAMPTON
TOWNSHIP; EDWARD DONNELLY, Chief; RAYMOND WELDIE,
Detective-Sergeant; MICHAEL PENNINGTON, Corporal; STEPHEN CASTLE,
Officer; and His Wife; RAYMOND YOUNG, Officer; PETER LIESE, Community
Policing Coordinator Officer; DIANE GIBBONS, Bucks Co. D.A.;
MARCIA COMPTON, Individually and in their official capacities

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
D.C. Civil Action No. 05-cv-03719
(Honorable Petrese B. Tucker)

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 2, 2007

Before: SCIRICA, Chief Judge, HARDIMAN and ALDISERT, Circuit Judges

(Filed:  November 8, 2007)

OPINION OF THE COURT

PER CURIAM.

Appellants John Jones, Sr. and Gail Jones filed a civil action pro se on July 18, 2005 in the United States District Court for the Eastern District of Pennsylvania, alleging violations of their federal constitutional civil rights pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988. The Joneses sued Middletown Township, Sergeant John Feeney, and Officer Brian Reeves (the "Middletown Defendants"), Lower Southhampton Township, Chief Edward Donnelly, Detective Sergeant Raymond Weldie, Corporal Michael Pennington, Officer Stephen Castle, Officer Raymond Young, Community Policing Coordinator Peter Liese, and Lynn Castle (the "Lower Southhampton Defendants"), Bucks County District Attorney Diane Gibbons and Marcia Compton, alleging violations of their rights under the First, Second, Fourth, Fifth, Sixth, Eighth, Ninth, Thirteenth, and Fourteenth Amendments in connection with an arrest and prosecution of Mr. Jones for stalking.

On August 31, 2002, at approximately 1:00 a.m., Jones, in his "Town Watch" vehicle, deliberately followed Marcia Compton, and she called the police.[1] When the

---

[1] In their own words, the Joneses alleged that:

[A]fter having observed John Jones, Sr., and his son at the intersection of Old Lincoln Highway and Brownsville Road ... [i]t was obvious that Compton drove her vehicle in a manner to raise the suspicion of a marked Town Watch vehicle participant; that is, she then traveled through the Plaintiffs' residential neighborhood without stopping at an unusual hour of the night – including past the Jones' residence several times – and then

(continued...)

2

police arrived, they searched Jones' vehicle and found weapons. On October 20, 2002, Jones was charged by defendant Detective Sergeant Raymond Weldie with a single count of stalking Richard Compton, Judy Compton and Marcia Compton in violation of the predecessor to 18 Pa. Cons. Stat. Ann. § 2709.1. Jones was arrested on October 30, 2002. The original Information was filed on May 22, 2003, and thereafter District Attorney Diane Gibbons filed an Amended Information trifurcating the charges, based on the victim, into three separate counts of first degree misdemeanor stalking. On July 18, 2003, the jury trial concluded and Jones was found guilty of stalking Richard and Judy Compton, but he was acquitted of stalking Marcia Compton. On October 14, 2003, Jones was sentenced to 10 years probation. He appealed his convictions unsuccessfully. On October 5, 2002, the state supreme court denied allowance of appeal.

The Joneses alleged in their 40-page complaint that the arrest was false and the prosecution malicious and the product of a conspiracy among the defendants. They also asserted common law causes of action for slander and libel, among others. They sought injunctive and declaratory relief, as well as compensatory and punitive damages and

---

[1](...continued)
    drove toward another neighborhood that housed senior citizens. Defendant
    Compton thereby intentionally chose a path of travel that avoided her
    father's known, armed presence, assistance of the nearby Lower
    Southampton Police, and assistance of a marked patrol vehicle along the
    path of travel.

Complaint, at ¶ 5.

3

attorneys fees. The defendants moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), on the ground, among others, that the complaint was barred by the two-year statute of limitations applicable to personal injury actions, see 42 Pa. Cons. Stat. Ann. § 5524(2); Wilson v. Garcia, 471 U.S. 261 (1985) (state statute of limitations applies to actions under 42 U.S.C. § 1983), or, in the case of the libel and slander claims, the one-year statute of limitations, 42 Pa. Cons. Stat. Ann. § 5524(1). The District Court agreed and granted the motions on this basis in an order entered on June 29, 2006. The court reasoned that the events which formed the basis of the complaint occurred in August and October 2002, and the complaint was not filed until July 18, 2005. The court further reasoned that, to the extent that the Joneses sought money damages as a result of the jury verdict on July 18, 2003, Heck v. Humphrey, 512 U.S. 477 (1994), barred the action because Mr. Jones was convicted of two of the three counts of stalking and those two convictions have never been invalidated. The Joneses have appealed.

We will affirm. We have jurisdiction under 28 U.S.C. § 1291. "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007)). The court may consider certain narrowly defined types of material without converting the motion to dismiss to a summary judgment motion, such as a document that is integral to or explicitly relied upon

4

in the complaint. <u>In re Rockefeller Center Properties, Inc. Securities Litig.</u>, 184 F.3d 280, 287 (3d Cir. 1999). A court may also consider an "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." <u>Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.</u>, 998 F.2d 1192, 1196 (3d Cir. 1993). In this case, those exhibits properly considered included the Middletown Township Incident Investigation Report from August 31, the Amended Information in *Commonwealth v. John Jones*, Bucks County Criminal Action No. 2336-01 – 2003, the criminal judgment in that case, and the order of the state supreme court denying allowance of appeal. We exercise plenary review over the District Court's order dismissing a complaint under Rule 12(b)(6). <u>See</u> <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996).

As explained by the District Court, the suit is untimely for any wrong that occurred prior to July 18, 2003; thus every count and/or cause of action is untimely except for the malicious prosecution claim. <u>See</u> <u>Kost v. Kozakiewicz</u>, 1 F.3d 176, 189-90 (3d Cir. 1993) (Pennsylvania's two-year statute of limitations applies to claims for violations of constitutional rights pursuant to 42 U.S.C. § 1983). The Joneses contend in their brief that their action is primarily one for conspiracy, and thus it is not barred because the statute of limitations does not begin to run until commission of the last overt act, which they believe is the conclusion of the trial on July 18, 2003. We do not agree. The statute of limitations begins to run at the time the claim accrues; time-barred claims cannot be

5

resurrected by being aggregated and labeled "continuing violations." See O'Connor v.

City of Newark, 440 F.3d 125, 129 (3d Cir. 2006).[2] Except for the malicious prosecution

claim, the claims accrued no later than October 30, 2002, the date of Jones' arrest.

Turning to the malicious prosecution claim, to prevail under § 1983 when the

claim is raised under the Fourth Amendment, a plaintiff must show that: (1) the

defendants initiated a criminal proceeding; (2) the criminal proceeding ended in the

plaintiff's favor; (3) the defendants initiated the proceeding without probable cause; (4)

the defendants acted maliciously or for a purpose other than bringing the plaintiff to

justice; and (5) the plaintiff suffered a deprivation of liberty as a consequence of the

criminal proceeding. Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003). In

Heck v. Humphrey, 512 U.S. 477, however, the Supreme Court held that an action for

damages under the civil rights laws cannot be maintained if "a judgment in favor of the

plaintiff would necessarily imply the invalidity of his conviction or sentence ... unless the

plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 487. The Joneses contend on appeal that Mr. Jones' acquittal on the third count of

stalking involving Marcia Compton establishes a cognizable malicious prosecution case.

Thus, the first question presented by this appeal is whether the Joneses have satisfied

Heck's favorable termination rule.

---

[2] Our decision in Mitchell v. Guzick, 138 Fed. Appx. 496, 501 n.7 (3d Cir. 2005), upon which the Joneses rely, is not to the contrary.

Mr. Jones was convicted of stalking two members of the Compton family but acquitted in the case of Marcia Compton.[3] The District Court appears to have concluded that the three stalking charges were inextricably intertwined – three counts of stalking against members of the same family who reside together – such that acquittal on one but not the majority of the charges does not satisfy Heck's favorable termination rule. We are not so sure. Certainly if the Amended Information charging Jones with three separate counts of stalking was based on the same set of facts, we might agree that the counts were intertwined, see Berman v. Turecki, 885 F. Supp. 528, 532 n.9 (S.D.N.Y. 1995). However, nothing at this stage of the proceedings suggests that this is the case. See In re: Burlington Coat Factory Securities Litig., 114 F.3d 1410, 1424-25 (3d Cir. 1997) (in ruling on motion to dismiss, district court is not permitted to go beyond facts alleged in Complaint and documents on which claims made therein are based).

The events of August 31, which form the basis of the Joneses' complaint, do not appear to involve Richard and Judy Compton. The fact that they are family members and reside together is inadequate to show that the evidence relied upon to prosecute three separate counts of stalking was essentially the same in all three case. On the contrary, it appears that Marcia was alone on the night of August 31 when Mr. Jones followed her. We thus cannot say at this stage in the litigation that a judgment in favor of Jones in this

_____

[3] Richard and Judy Compton are Marcia's parents. We do not know why Jones was charged with stalking them but the reason is not relevant to our decision insofar as the stalking convictions relating to them have never been invalidated.

7

civil case would necessarily imply the invalidity of his convictions for stalking Richard and Judy Compton.  Heck, 512 U.S. at 487.

Assuming, arguendo, that the Joneses have satisfied Heck's favorable termination rule, we next consider whether there was probable cause to initiate the stalking proceedings in connection with Marcia Compton.  Marasco, 318 F.3d at 521.  Probable cause to arrest exists when the facts and circumstances are sufficient to justify a prudent officer in believing that the suspect had committed or was committing a crime.  Gerstein v. Pugh, 420 U.S. 103, 111 (1975).  We look at the totality of the circumstances and use a common sense approach in assessing the issue of probable cause.  United States v. Glasser, 750 F.2d 1197, 1205 (3d Cir. 1984).  Because probable cause is a less exacting standard than proof beyond a reasonable doubt, the absence of probable cause is not established by an adjudication of innocence in the criminal proceeding.  Coleman v. Burnett, 477 F.2d 1187, 1201-02 (D.C. Cir. 1973).

Under the current Pennsylvania statute (and the predecessor statute under which Jones presumably initially was charged is not different in this respect), a first degree misdemeanor stalking violation occurs when a person either:

> (a)(1) engages in a course of conduct or repeatedly commits acts toward another person, including following the person without proper authority, under circumstances which demonstrate either an intent to place such other person in reasonable fear of bodily injury or to cause substantial emotional distress to such other person; or
>
> (2) engages in a course of conduct or repeatedly communicates to another person under circumstances which demonstrate or communicate either an

intent to place such other person in reasonable fear of bodily injury or to cause substantial emotional distress to such other person.

18 Pa. Cons. Stat. Ann. § 2709.1(a). "Course of conduct" is defined as:

A pattern of actions composed of *more than one act* over a period of time, however short, evidencing a continuity of conduct.... Acts indicating a course of conduct which occur in more than one jurisdiction may be used by any other jurisdiction in which an act occurred as evidence of a continuing pattern of conduct or a course of conduct.

18 Pa. Cons. Stat. Ann. § 2709.1(f) (emphasis added). Accordingly, a stalking charge cannot be based on a single act.

We conclude, however, that those defendants, including Sergeant Weldie, Sergeant Feeney, Officer Reeves, and possibly others, who were involved in arresting Jones for stalking and in charging him with *one* count of stalking Richard, Judy and Marcia Compton, had the required probable cause, and, therefore, an action of malicious prosecution cannot be maintained against them. The events of August 31 involving Marcia Compton constitute "following [another] person without proper authority, under circumstances which demonstrate either an intent to place such other person in reasonable fear of bodily injury or to cause substantial emotional distress to such other person." 18 Pa. Cons. Stat. Ann. § 2709.1(a)(1).[4] In addition, the jury found Jones guilty of stalking

---

[4] According to the Middletown Township Police Department Incident Investigation Report, Supp. App. 2-4, on August 31, 2002, at approximately 1:00 a.m., Marcia Compton was driving home when she noticed a truck driven by Mr. Jones with the words "town watch" on it following her. She made a series of turns to elude him, but Jones continued to follow her. She telephoned the Middletown Township police for assistance,

(continued...)

9

both Richard and Judy Compton and those convictions have not been overturned.  Cf. Montomery v. De Simone, 159 F.3d 120, 124 (3d Cir. 1998) (holding that presumption of probable cause in section 1983 action on sole basis of municipal conviction that has been overturned undermines purpose of statute but suggesting that presumption does not offend where conviction has not been overturned).  Thus there had to have been other acts.[5]

Although we conclude that there was probable cause to charge Jones with a single count of stalking three separate people, the existence of probable cause to charge him disappeared once the single count was trifurcated based on the victim.  Thus, we must separately address the malicious prosecution claim against District Attorney Gibbons.  She alone was responsible for turning a single count of stalking three people into three separate counts.  With respect to the count involving Marcia Compton, we cannot conclude that probable cause existed because there was only one act, the events of August 31, and the statute plainly requires two.[6]  We recently held in Johnson v. Knorr, 477 F.3d 75, 85 (3d Cir. 2007), that a defendant who initiates criminal proceedings on multiple charges is not insulated in a malicious prosecution case simply because one of the charges

---

[4](...continued)
and an officer responded and pulled Jones over.

[5] The Middletown Township appellees have asserted that some of the events at issue date back to May 20, 2000.  (Appellees' Brief, at 20.)

[6] The appellees have asserted in their briefs that Jones was acquitted of stalking Marcia Compton because the "course of conduct" involved only one act.

10

was justified, and that a malicious prosecution claim was not defeated as to those counts where there was no finding of probable cause. We noted our concern that law enforcement officers might be piling on charges where there was no foundation for doing so. Id. at 84. Moreover, the mere fact that Jones was held over for trial following a preliminary hearing does not, as the appellees have argued, shield a defendant from suit, Montogomery, 159 F.3d 120 (rejecting rebuttable presumption of probable cause where plaintiff acquitted in de novo trial).

Although, for purposes of ruling on a motion to dismiss the complaint, we assume that the District Attorney lacked probable cause to separately charge Jones with stalking Marcia Compton in violation of 18 Pa. Cons. Stat. Ann. § 2709.1, and assume that the other conditions for maintaining suit are met, Marasco, 318 F.3d at 521 (to prevail in malicious prosecution action, plaintiff also must show that defendant acted maliciously or for a purpose other than bringing the plaintiff to justice), we must conclude that District Attorney Gibbons is absolutely immunized from a suit for damages. Imbler v. Pachtman, 424 U.S. 409, 420 (1976). She acted within the scope of her duties as a prosecutor in filing the Amended Information that multiplied the charges, and the decision whether or not to initiate or prosecute a case is completely discretionary. Id. Although the District Court did not reach this issue, we are free to affirm the judgment on any basis which finds support in the record. See Bernitsky v. United States, 620 F.2d 948, 950 (3d Cir. 1980).

We will affirm the order of the District Court dismissing the complaint under Rule 12(b)(6).