Dwight A. PENBERTH, Jr., Appellant

v.

George KRAJNAK; James Strauss; Borough of Lansford.

No. 08–1734.

United States Court of Appeals, Third Circuit.

Submitted pursuant to Third Circuit LAR 34.1(a) Sept. 29, 2009.

Opinion filed: Oct. 9, 2009.

---

Richard J. Orloski, Esq., The Orloski Law Firm, Allentown, PA, for Plaintiff–Appellant.

Walter F. Kawalec, III, Esq., Marshall, Dennehey, Warner, Coleman & Goggin, Cherry Hill, NJ, for Defendants–Appellees.

Before: McKEE, CHAGARES and NYGAARD Circuit Judges.

## OPINION

McKEE, Circuit Judge.

Dwight A. Penberth appeals the district court's order[1] granting the defendants' motion for summary judgment on his 42 U.S.C. § 1983 claims. Penberth alleged that the Borough of Lansford and its Mayor and Chief of Police, violated his rights under the First and Fourth Amendments to the Constitution by interfering with his right of association and by unlawfully seizing his person and property. For the reasons that follow, we will affirm the decision of the district court.

### I.

Because we write primarily for the parties, we will recite only as much of the facts and history of this case as is necessary for our decision.[2]

---

1. Pursuant to 28 U.S.C. § 636(c), the parties consented to having Magistrate Judge Thomas M. Blewitt decide this motion. As Magistrate Judge Blewitt's order has the power and effect of an order of a district court, we will refer to it accordingly herein.

2. We will refer to the plaintiff as Penberth and his father as Penberth, Sr.

Penberth alleges violations of 42 U.S.C. § 1983 and other state law claims. His claims under § 1983 include malicious prosecution and improper seizure of his property in violation of the Fourth Amendment, and that defendants' actions violated his First Amendment right to association by interfering with his relationship with his father. Our standard of review is plenary. *Johnson v. Knorr*, 477 F.3d 75, 81 (3d Cir.2007).

## II.

As the district court explained, in order to maintain a malicious prosecution claim under the Fourth Amendment, Penberth must show: (1) the defendant initiated a criminal proceeding; (2) that proceeding ended in Penberth's favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing Penberth to justice; and (5) Penberth suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding. *Johnson*, 477 F.3d at 82–83 (citing *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir.2003)). Here, defendants did initiate a criminal proceeding that ended in Penberth's favor. However, the parties dispute the existence of probable cause. The district court did not reach that issue because it decided that Penberth did not present facts sufficient to show that he suffered a deprivation of liberty consistent with the concept of seizure. We agree.

We have held that where a defendant was required "to post a $10,000 bond, ... to attend all court hearings[,] ... to contact Pretrial Services on a weekly basis ..., and ... was prohibited from traveling outside New Jersey and Pennsylvania ... [a]lthough it is a close question, ... these restrictions amounted to a seizure." *Gallo v. City of Philadelphia*, 161 F.3d 217, 222 (3d Cir.1998). However, we have also held that where plaintiffs "were only issued a summons; ... were never arrested; ... never posted bail; ... were free to travel; and ... did not have to report to Pretrial Services" they were not subject to a "seizure" within the meaning of the Fourth Amendment. *DiBella v. Borough of Beachwood*, 407 F.3d 599, 603 (3d Cir. 2005).

■ Penberth was detained for 35 to 40 minutes. "[H]e did not have to post bail [or] communicate with pre-trial services, and he had no travel or geographic restraints placed on him." *Penberth v. Krajnak*, No. 06 Civ. 1023, 2008 WL 509174, * 18 (M.D.Pa. Feb. 21, 2008). As we stated in *DiBella*, "[i]f Gallo was a 'close question;' here there could be no seizure significant enough to constitute a Fourth Amendment violation in support of a Section 1983 malicious prosecution action." 407 F.3d at 603.

The requirement of a constitutional harm applies equally with respect to all defendants. Accordingly, we will affirm the district court's grant of summary judgment with respect to Penberth's § 1983 claim for unlawful seizure of his person against all defendants.

## III.

There is scant support for Penberth's claim that he alleged facts sufficient to sustain a § 1983 claim for seizure of his car or the police equipment in the car in violation of the Fourth Amendment. He argues that: "through the arrest, Defendants secured what they could not have secured in civil court—a return of property lawfully sold and belonging to Plaintiff." Appellant Br. at 18. Defendants argue that Penberth waived this claim because he failed to plead it in his complaint.

■ Whether or not Penberth preserved this claim, the undisputed evidence "shows only that, as part of the agreement

to withdraw the charges against Plaintiff, Plaintiff was required to bring his car to Krajcirik's Garage on October 7, 2005 so that the police equipment could be removed from it." *Penberth,* 2008 WL 509174 at * 18. Penberth voluntarily brought the car to the agreed upon location and surrendered the equipment. Moreover, Penberth does not argue that the police equipment stripped from the police car somehow belonged to him. Nor does Penberth seek return of those items. Accordingly, we will affirm the district court's dismissal of Penberth's § 1983 claim for seizure of his property in violation of his Fourth Amendment rights.

## IV.

■ Finally, Penberth attempts to materialize a claim under § 1983 by arguing that defendants interfered with his relationship with his father in violation of his First Amendment right "to enter into and maintain certain intimate human relationships." *Doe v. City of Butler,* 892 F.2d 315, 323 (3d Cir.1989) (quoting *Roberts v. United States Jaycees,* 468 U.S. 609, 617, 104 S.Ct. 3244, 82 L.Ed.2d 462 (1984)). Specifically, he alleges that defendants brought charges against him and inflated those charges in order to cause a rift between him and his father. The district court held that plaintiff failed to produce evidence showing how defendants actions interfered with his relationship with his father. *Penberth,* 2008 WL 509174 at * 23. We agree; in fact, the argument is strained at best.

To morph his allegations into a claim under the First Amendment, the record must contain sufficient evidence that state action "directly and substantially" interfered with Penberth's relationship with his father. *See Lyng v. Castillo,* 477 U.S. 635, 638, 106 S.Ct. 2727, 91 L.Ed.2d 527 (1986). Although Penberth discusses defendants' intent to embarrass his father, there is nothing on this record that would raise a

material issue of fact about any interference whatsoever with that relationship. Moreover, the Supreme Court has upheld policies with a far more obvious and significant impact on familial ties than appears on this record. *See Lyng,* 477 U.S. at 638, 106 S.Ct. 2727 (holding that law lowering food stamp allotments for certain family members living together below levels they would have received if they lived separately or were unrelated does not directly and substantially burden the right to association); *see also Califano v. Jobst,* 434 U.S. 47, 58, 98 S.Ct. 95, 54 L.Ed.2d 228 (1977) (upholding termination of Social Security benefits for a disabled dependent child who marries someone ineligible for benefits). Accordingly, we will affirm the district court's dismissal of Penberth's § 1983 claim for interference with his right to association in violation of his First Amendment rights.

## V.

For the above reasons, we will affirm the order of the district court.