NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-2162
_____

RICHARD COLLINS,

Appellant
v.

THE CITY OF PHILADELPHIA, LAW DEPARTMENT;
POLICE OFFICER MICHAEL BERKERY, BADGE #9464;
POLICE SERGEANT EDWARD PISAREK, BADGE #348;
POLICE DETECTIVE KEITH SCOTT, BADGE #7603
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-16-cv-0567)
Honorable Eduardo C. Robreno, District Judge
_____

Submitted under Third Circuit L.A.R. 34.1(a)
February 13, 2019

BEFORE:  HARDIMAN, SCIRICA, and COWEN, Circuit Judges

(Filed: April 18, 2019)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

COWEN, Circuit Judge.

Richard Collins appeals from the order and judgment of the United States District Court for the Eastern District of Pennsylvania granting the motion for summary judgment filed by Police Officer Michael Berkery, Police Sergeant Edward Pisarek, and Police Detective Keith Scott ("Appellees"). We will affirm.

I.

On August 8, 2016, Collins filed a writ of summons with the Philadelphia Court of Common Pleas, naming the City of Philadelphia and Appellees as Defendants. He subsequently filed a complaint on October 6, 2016, and Appellees then removed this action to the District Court. The complaint included four counts, entitled respectively: (1) "42 U.S.C.A. § 1983;" (2) "FALSE IMPRISONMENT;" (3) "VIOLATIONS OF THE COMMONWEALTH OF PENNSYLVANIA CONSTITUTION CIVIL RIGHTS;" and (4) "SUPPLEMENTAL CLAIMS AGAINST THE CITY OF PHILADELPHIA." (A25-A26 (emphasis omitted).) The City of Philadelphia filed an unopposed motion to dismiss, which the District Court granted. Appellees subsequently filed a motion for summary judgment. The District Court granted their motion as well.

According to the District Court, "the Complaint contains claims for false arrest and false imprisonment under § 1983, as well as violations of the Pennsylvania Constitution." Collins v. City of Philadelphia, CIVIL ACTION NO. 16-5671, 2018 WL 1980079, at *2 (E.D. Pa. Apr. 27, 2018). Applying the applicable two-year statute of limitations, the District Court explained that these claims arose from arrest on March 23, 2013. "[B]ecause Collins had a preliminary hearing after his arrest, the statute of

2

limitations for his false arrest and false imprisonment claims began to run on the date of his preliminary hearing [on January 14, 2014]. . . . For that reason, any claims that Collins may have had for false arrest or false imprisonment would have accrued—at the latest—on January 14, 2014." Id. The District Court also determined that no private cause of action exists for violations of the Pennsylvania Constitution.

## II.

Collins argues that Count One of his complaint stated a claim for malicious prosecution under § 1983.[1] It is undisputed that the statute of limitations for a malicious prosecution cause of action begins to run when the criminal proceeding is terminated, which allegedly occurred on August 7, 2016. See, e.g., Heck v. Humphrey, 512 U.S. 477, 489 (1994). We nevertheless agree with Appellees that Collins's complaint did not include this purported claim and that, even if it did, Collins did not raise this issue before the District Court.

Under the circumstances, Collins's complaint failed to give Appellees fair notice of any claim premised on a malicious prosecution theory of liability. See, e.g., Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Collins acknowledges that a claim of malicious prosecution implicates the filing of a criminal proceeding. See, e.g., Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007). In his First Count, Collins did not

---

[1] The District Court had subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367. We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment. See, e.g., United States ex rel. Doe v. Heart Solution, PC, --- F.3d ---, 2019 WL 1187217, at *2 (3d Cir. 2019). "Under this standard, a court will 'grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Id. (quoting Fed. R. Civ. P. 56(a)).

allege the wrongful filing of a criminal proceeding. On the contrary, he was focused on his arrest, alleging that "Plaintiff was arrested without probable cause" and that Defendants thereby deprived him of clearly established constitutional rights including "freedom from unreasonable seizure of his person," "freedom from arrest without probable cause," and "freedom of speech." (A25.) While he may have referred to the legal fees he incurred in defending himself against the criminal prosecution as well as his subsequent detention during the course of this proceeding as injuries that resulted from "the acts of the defendant police officers" (id.), Collins did not identify the criminal proceeding as itself giving rise to any cause of action. Likewise, Collins's other three counts did not expressly reference the existence (or outcome) of any criminal proceeding.

"Absent exceptional circumstances, this Court will not consider issues raised for the first time on appeal." In re Ins. Brokerage Antitrust Litig., 579 F.3d 241, 261 (3d Cir. 2009) (quoting Del. Nation v. Pennsylvania, 446 F.3d 510, 416 (3d Cir. 2006)). It is also uncontested that Collins never raised the malicious prosecution issue before the District Court, even though Appellees relied on the statute of limitations for false arrest and false imprisonment. Appellees acknowledge that the opposition to their summary judgment motion included one glancing reference to this theory in an introductory statement ("Plaintiff's complaint consists of claims under 42 U.S.C. section 1983 for false arrest and malicious prosecution." (SA27)) and a citation in the middle of a false arrest discussion "to a legal source stating that law enforcement officers are required to promptly deliver exculpatory information to the prosecutor (SA32)" (Appellees' Brief at 10). Nevertheless, Collins does not take issue with Appellees' characterization of these

4

assertions as perfunctory and vague, respectively. Under the circumstances, the District Court appropriately reasoned that Collins only asserted false arrest and false imprisonment claims and properly distinguished such theories of liability from a claim for malicious prosecution. See, e.g., Collins, 2018 WL 1980079, at *2 ("Accordingly, the Heck rule is not applicable to claims for false arrest or false imprisonment, because those claims (unlike malicious prosecution) do not involve a challenge to legal proceedings—which is the hallmark of an action for malicious prosecution." (citing Wallace v. Kato, 549 U.S. 384, 394 (2007))).

III.

For the foregoing reasons, we will affirm the order and judgment of the District Court.