**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

—————

No. 09-1334

—————

STEVEN D. GEBHART,

Appellant.

v.

JOHN VAUGHN, II; CURTIS A. WHITMOYER

—————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 1-06-cv-01754)
District Judge: Hon. Christopher C. Conner

—————

Submitted under Third Circuit LAR 34.1(a)
October 2, 2009

Before:  AMBRO, GARTH and ROTH, Circuit Judges

(Opinion filed: May 6, 2010)

—————

O P I N I O N

—————

**ROTH,** Circuit Judge:

Steven Gebhart appeals the final order of the United States District Court for the

Middle District of Pennsylvania granting summary judgment for the defendants Vaughn

and Whitmoyer. The District Court had jurisdiction under 28 U.S.C. § 1331. This Court has jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over a grant of summary judgment. *Kossler v. Crisanti,* 564 F.3d 181, 186 (3d Cir. 2009). We apply the same standard as used by the District Court and may affirm the order if the defendants are entitled to judgment as a matter of law, with the facts viewed in the light most favorable to Gebhart. *Nicini v. Morra*, 212 F.3d 798, 805-06 (3d Cir. 2000) (*en banc*). Because the parties are familiar with the facts, we will describe them only as necessary to explain our decision. For the reasons discussed below, we will affirm.

Steven Gebhart filed a civil rights action under 42 U.S.C. § 1983 against Vaughn, a detective, and Whitmoyer, a state trooper, alleging, *inter alia,* malicious prosecution in violation of his Fourth Amendment rights.[1] He alleges that Vaughn and Whitmoyer

---

[1] The District Court interpreted the complaint as asserting a claim against Vaughn for false arrest. Assuming it does, the District Court properly granted summary judgment in favor of Vaughn on the claim.

"[A] plaintiff may succeed in a § 1983 action for false arrest made pursuant to a warrant if the plaintiff shows, by a preponderance of the evidence: (1) that the police officer 'knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant;' and (2) that 'such statement or omissions are material, or necessary, to the finding of probable cause.'" *Wilson v. Russo*, 212 F.3d 781, 786-87 (3d Cir. 2000) (quoting *Sherwood v. Mulvihill*, 113 F.3d 396, 399 (3d Cir. 1997)). A misstatement or omission is material if, after correction of the misleading statements (or insertion of the omitted information), the affidavit would no longer establish probable cause. *Wilson*, 212 F.3d at 789.

Here, Gebhardt alleges that Vaughn, in his affidavits of probable cause, omitted the fact that Gebhardt was incarcerated. The District Court properly observed that there was no evidence establishing that Vaughn knew Gebhardt was incarcerated when he submitted his affidavits, and thus no evidence that the omissions were made knowingly or recklessly. Moreover, even assuming that Vaughn knew of Gebhardt's incarceration,

2

maliciously charged him with the crime of theft by deception. The District Court, which found probable cause after hearing the complaining witnesses, granted summary judgment for the defendants because Gebhart was unable to prove that they lacked probable cause in prosecuting him. Gebhart appeals this order, arguing that the District Court applied an incorrect legal standard, that it erred by not submitting the "probable cause" element to a jury, and the Pennsylvania state court order dismissing the underlying charges was *res judicata* as to the issue of probable cause.

We will affirm the District Court's order. Because Gebhart cannot prove that the defendants lacked probable cause when charging him with the crime, the defendants are entitled to summary judgment. *See Johnson v. Knorr*, 477 F.3d 75, 82 (3d Cir. 2007) (listing the five factors necessary to prove a claim of malicious prosecution, including that "the defendant initiated the proceeding without probable cause.") "[P]robable cause exists when the totality of the circumstances within an officer's knowledge is sufficient to warrant a person of reasonable caution to conclude that the person being arrested has committed, or is committing, an offense." *United States v. Laville*, 480 F.3d 187, 189 (3d Cir. 2007). The issue of probable cause can be decided as a matter of law if the facts, "viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding." *See Estate of Smith v. Marasco*, 318 F.3d 497, 514 (3d Cir. 2003). The undisputed facts show that customer Kane gave Abbottstown Pole (Gebhart's company) a

---

the omission of that information from the affidavits was not material.

3

check for $6,760 made payable to Carter Lumber, to allow Abbottstown Pole to purchase lumber for its project. Gebhart did not do so. Officer Whitmoyer, therefore, had probable cause to charge Gebhart with theft by failure to make required disposition of the funds. We further find Gebhart's *res judicata* argument unavailing, as there was no identity of issues involved between the decision to dismiss the underlying case for lack of evidence regarding intent and the issue of probable cause.

For the reasons discussed above, we will affirm the order of the District Court granting summary judgment for the defendants.