NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1981
_____

KEVIN PATRICK WHEELER,

Appellant

v.

CHAD WHEELER, Individually and in his official capacity
as an officer of the Pennsylvania State Police,
JOHN STRELISH, Individually and in his official capacity
as an officer of the Pennsylvania State Police

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:14-cv-00432)
District Judge: Hon. Karoline Mehalchick
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 19, 2016

Before: JORDAN, HARDIMAN, and GREENAWAY, JR., *Circuit Judges*.

(Filed: January 20, 2016)
_____

OPINION*
_____

_____

∗ This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

JORDAN, *Circuit Judge*.

Kevin Wheeler appeals an order of the United States District Court for the Middle District of Pennsylvania dismissing his amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. We will affirm.

## I.    Background[1]

On July 26, 2012, Kevin Wheeler ("Wheeler") was allegedly attacked by Chad Wheeler ("Chad").[2] As a result of the altercation, Wheeler sustained serious injuries. The Pennsylvania State Police initiated an investigation, and the trooper assigned to the case described the incident as an aggravated assault perpetrated by Chad. At some point after that first assessment, responsibility for the investigation was transferred to Trooper John Strelish. According to Wheeler, Strelish chose to ignore evidence about the nature of the incident, refused to return to the scene of the incident, refused to interview eyewitnesses "before they were ultimately intimidated," refused to retrieve Wheeler's medical records, and threatened to have Wheeler "evaluated" (presumably referring to a

---

[1] Because this case was dismissed for failure to state a claim, we accept the facts recited in the operative complaint as true, for purposes of appeal. *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015).

[2] Chad Wheeler is not a participant in this appeal. All references to "Wheeler" are to the appellant, Kevin Wheeler. While we do not mean to presume an undue familiarity, for simplicity and clarity we will refer to Chad Wheeler as "Chad." Although the shared last name of Kevin and Chad Wheeler suggests that they are related, the record provides no indication of the existence or nature of their relationship.

mental health evaluation) for inquiring into whether criminal charges would be brought against Chad. (App. at 24a.)

As a result of Strelish's investigation, both parties to the altercation were charged in state court with simple assault and harassment.[3] Following a preliminary hearing, Wheeler and Chad were scheduled to face formal arraignment and a further hearing in the Court of Common Pleas in Wayne County, Pennsylvania. The prosecutor ultimately requested that the charges against Wheeler be entered *nolle prosequi*, after Chad made clear that he would invoke his Fifth Amendment right not to testify in the proceedings. The prosecutor's request was granted.

In March of 2014, Wheeler filed this suit in federal court. He alleged that he was the victim of an assault and battery by Chad, and he further alleged substantive due process violations by Strelish individually and in an official capacity, citing 42 U.S.C. § 1983. Strelish moved to dismiss the complaint for failure to state a claim. The District Court granted that motion but gave Wheeler leave to amend.[4] He did so and reframed his § 1983 claims against Strelish as being for Fourth Amendment and due process violations based on malicious prosecution and false arrest, though he continued to press what is arguably a more general due process claim. Strelish filed another motion to dismiss, again for failure to state a claim upon which relief could be granted. The District Court

---

[3] Chad was charged with both second and third degree misdemeanor simple assault, while Wheeler was charged with only third degree misdemeanor simple assault.

[4] By consent of the parties, the matter was adjudicated by a magistrate judge.

3

granted that motion and declined to exercise jurisdiction over the pendent state claims against Chad.

This timely appeal followed.

## II. Discussion[5]

Wheeler contends that the District Court erred in dismissing his claims against Trooper Strelish. Our review of the order of dismissal is plenary. *Kaymark v. Bank of Am., N.A.*, 783 F.3d 168, 174 (3d Cir. 2015).

### A. The Court Properly Dismissed Wheeler's Fourth Amendment Claims Based on Malicious Prosecution and False Arrest[6]

In evaluating a motion to dismiss, we consider the well-pleaded allegations of the complaint,[7] accepting factual allegations as true and drawing all reasonable inferences in favor of the plaintiff. *Id.* at 174. "We are not compelled to accept unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual

---

[5] Being primarily a civil rights action pursuant to 42 U.S.C. § 1983, this case was subject to the jurisdiction of the District Court under 28 U.S.C. §§ 1331 and 1343. We have jurisdiction pursuant to 28 U.S.C. § 1291.

[6] Wheeler's complaint that he suffered malicious prosecution and false arrest in violation of his Fourth Amendment rights is brought under 42 U.S.C. § 1983, which provides, in relevant part,
> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State … subjects … any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress … .

[7] As noted later, *infra* n.10, we may also rely, when relevant, on any documents incorporated into the complaint by reference and any matters of public record. *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

4

allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (internal citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual allegations, taken as true, to 'state a claim to relief that is plausible on its face.'" *Fleisher v. Standard Ins. Co.*, 679 F.3d 116, 120 (3d Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To state such a "plausible" claim, a plaintiff must plead sufficient facts to permit a reasonable expectation that discovery will reveal evidence establishing each element of the relevant cause of action – in this case malicious prosecution and false arrest.

"To prove malicious prosecution … a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *Johnson v. Knorr*, 477 F.3d 75, 81-82 (3d Cir. 2007). The District Court dismissed Wheeler's complaint based on a failure to plead facts supporting a lack of probable cause, and we likewise focus on that element, which is dispositive of both the malicious prosecution and false arrest allegations.[8]

---

[8] Because a lack of probable cause is an element of the *prima facie* case that Wheeler must establish, whether couched in terms of malicious prosecution or false arrest, and because the absence of that element is as fatal to the false-arrest variety of his Fourth Amendment claim, *see James v. City of Wilkes-Barre*, 700 F.3d 675, 680 (3d Cir. 2012) ("To state a claim for false arrest under the Fourth Amendment, a plaintiff must establish: (1) that there was an arrest; and (2) that the arrest was made without probable cause."), as it is the malicious-prosecution variety, we address only the latter. Although the existence of probable cause in a suit such as this is generally a question for the jury,

5

Wheeler was required to plead facts that make it plausible that Trooper Strelish lacked probable cause to arrest him. While a plaintiff need only plead facts "sufficient to show that [he] has 'a plausible claim for relief,'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)), he cannot rest upon "formulaic recitation of the elements of a cause of action," and a district court need not credit such statements. *Twombly*, 550 U.S. at 555. Thus, although Wheeler asserted in his complaint that Strelish initiated charges "not based upon probable cause," the District Court was under no obligation to accept that legal conclusion as true. Beyond such bald conclusory allegations, Wheeler's federal claims revolve around how the investigation was conducted, yet he makes no allegations that call into question whether Strelish had probable cause to arrest him for his role in the altercation. For example, among the facts Wheeler pled about Strelish's investigation are that Strelish "refused" to hear Wheeler and his wife's story of how the altercation occurred or to visit the scene of the incident with Wheeler, (App. at 24a. ¶ 16), or to retrieve Wheeler's medical records, and that he threatened to have Wheeler "evaluated" for asking about the charges that Chad would face, (*Id.* at 24a. ¶ 17).[9] None of those factual assertions, even if true,

"a district court may conclude that probable cause exists as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding … ." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788-89 (3d Cir. 2000) (internal quotations omitted).

[9] Wheeler also goes on, at length, about Strelish's alleged reduction of the "charge" against Chad. That focus is curious, as there is no explanation, either in the complaint or in the appellate briefing, of how the charges brought against Chad in any

suggest that Strelish lacked probable cause to believe that Wheeler had committed the offenses with which he was charged. Probable cause requires only that Strelish had concluded there was "a probability or substantial chance" of the criminal activity in question. *United States v. Miknevich*, 638 F.3d 178, 185 (3d Cir. 2011) (internal quotations and citations omitted).

The judicial record in Wheeler's criminal case further undermines his argument. The District Court properly took judicial notice of the state court docket in the very prosecution Wheeler claims was malicious.[10] That record shows that, following the preliminary hearing, Wheeler's prosecution was scheduled for trial. In determining whether a case will proceed in Pennsylvania, one of the judicial tasks at the preliminary hearing is to determine "whether there is a *prima facie* case that (1) an offense has been committed and (2) the defendant has committed it." 234 Pa. Code § 542(D). That standard is akin to the standard for probable cause, which requires only that a "reasonable person [would] believe that an offense has been … committed by the person … arrested." *Merkle*, 211 F.3d at 788 (internal quotation omitted). Consequently, the Pennsylvania

---

way affected Strelish's probable cause calculus as it relates to the arrest and prosecution of Wheeler.

[10] While a District Court is generally limited to a plaintiff's complaint in assessing a motion to dismiss, it may take judicial notice of public records, including records of judicial proceedings. *Sands*, 502 F.3d at 268. More specifically, when a document is "integral to or explicitly relied upon in the complaint [, it] may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted). Because Wheeler's complaint alleges that his state prosecution was malicious, the District Court was permitted to consider the documentation of court action in that prosecution in assessing the motion to dismiss.

7

court's decision to schedule Wheeler for trial is evidence of an independent, contemporaneous judicial determination that there was sufficient probable cause to justify trying Wheeler for assault and harassment.

In contrast, Wheeler has not alleged any facts that would give the District Court, or us, any reason to question Strelish's probable cause conclusion. That being so, the District Court was right to conclude that Wheeler failed to adequately plead the "lack of probable cause" element of his Fourth Amendment malicious prosecution and false arrest claim.

### B. The District Court Properly Dismissed Wheeler's Fourteenth Amendment Claim

Wheeler also argues that the District Court erred in dismissing his Fourteenth Amendment substantive due process claim. The most straightforward reading of Wheeler's complaint is that his substantive due process claim is a restating of his allegations of malicious prosecution and false arrest.[11] The less repetitive but more confounding reading (asserted on appeal as a clarification of how the complaint is "meant to read") is that there was some substantive due process violation based on a deprivation of Wheeler's "liberty interest in his personal security and well-being." (Opening Br. at 22) However interpreted, the claim lacks merit.

Looking first to Wheeler's allegation of a substantive due process violation based on the Fourth Amendment claim we have just discussed, it is plain that the claim fares no

---

[11] This argument appears only in the original complaint, which was dismissed in response to Strelish's first 12(b)(6) motion on June 24, 2014. The relevant claim was reframed in the amended complaint to reflect a Fourth Amendment violation.

better in Fourteenth Amendment garb. The Supreme Court has noted that, "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims." *Albright v. Oliver*, 510 U.S. 266, 273 (1994) (internal quotations omitted). More specifically, redress for alleged false arrest or malicious prosecution "cannot be based on substantive due process considerations, but instead must be based on a provision of the Bill of Rights" such as the Fourth Amendment. *Merkle*, 211 F.3d at 792.

The alternative reading of Wheeler's substantive due process claim – the "personal security and well-being" reading put forth on appeal (Opening Br. at 22) – is similarly unsupported in law. The only case cited by Wheeler for the idea that there exists a freestanding "personal security and well-being" liberty interest is inapposite, as it relates to the unique circumstance in which a state has a juvenile in its custody and an attendant obligation to care for that juvenile. *A.M. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 579 (3d Cir. 2004). The due process concerns in such a circumstance are not implicated in a run-of-the-mill assault charge prosecution that, from the record, appears to have included not a single moment of actual detention. As a result, the dismissal of Wheeler's substantive due process claim was appropriate.[12]

---

[12] Wheeler also complains about the District Court's decision to dismiss his pendant state law claims. As Wheeler correctly notes, though, any jurisdiction the District Court would have over his state law claims would be under its discretionary jurisdiction pursuant to 28 U.S.C. § 1367. The statute is unequivocal that a court may decline to exercise supplemental jurisdiction when "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "We review the District

## III. Conclusion

For the forgoing reasons, we will affirm.

---

Court's refusal to exercise supplemental jurisdiction [over state law claims] for abuse of discretion." *Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 175 (3d Cir. 1999). Wheeler's only argument on this issue is that the underlying dismissal of his federal claims was erroneous, and thus the dismissal of the state law claims was similarly in error. Because we affirm the District Court's dismissal of the federal claims, and Wheeler points to no other potential abuse of the Court's discretion, we also affirm the District Court's dismissal of Wheeler's state law claims under 28 U.S.C. § 1367(c)(3).