**BLD-166**                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3304
_____

MARVASE J. SPELL,
                                                Appellant

v.

ALLEGHENY COUNTY; ALLEGHENY COUNTY SHERIFF'S
OFFICE; JARED KULIK, Allegheny County Deputy Sheriff
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 2-14-cv-01403)
District Judge:  Honorable Donetta W. Ambrose
_____

Submitted on Motions for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 3, 2016

Before:  FUENTES, KRAUSE and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 8, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Marvase J. Spell appeals from the order of the District Court dismissing his amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We grant appellees' motions for summary action and will affirm. Although we are nominally taking summary action, Spell has filed his brief on the merits and we have considered his brief in reaching our disposition.

I.

The following facts are taken from Spell's amended complaint, documents attached thereto, and the public record. Spell has been convicted of crimes that preclude him from obtaining a license to carry a firearm in Pennsylvania. He nevertheless applied for such a license. Spell checked a box on the application acknowledging his conviction of a disabling crime, but he also signed the certification at the bottom. The certification states that "I have never been convicted of a crime that prohibits me from possessing or acquiring a firearm" and that "[t]his certification is made subject to . . . the penalties of [18 Pa. Cons. Stat. § 4904] relating to unsworn falsifications to authorities[.]"[1] The Allegheny County Sheriff's Office denied the application, and Spell unsuccessfully challenged its decision administratively and before the Pennsylvania Commonwealth Court. See Spell v. Pa. State Police, No. 2267 CD 2014, 2015 WL 7356222 (Pa. Commw. Ct. Nov. 18, 2015).

While that process was ongoing, Deputy Sheriff Jared Kulik notified Spell that his

---

[1] By statute, all applications for a license to carry a firearm in Pennsylvania must contain this certification. See 18 Pa. Cons. Stat. § 6109(c).

2

signing of the certification constituted an unsworn falsification to authorities.  Spell

objected that he had signed the certification only because he wished to seek restoration of

his firearm rights and that applying for a firearm license was the necessary first step of

that process.  As will be relevant to our analysis, Spell was incorrect.[2]  Kulik ultimately

charged Spell with one count of submitting an unsworn falsification to authorities in

violation of 18 Pa. Cons. Stat. § 4904(a).  Approximately three months later, the charge

was nolle prossed.

Spell then filed suit under 42 U.S.C. § 1983 alleging that Kulik's bringing of the

charge violated his federal rights.  Spell listed numerous statutes and constitutional

provisions, including the First and Fourteenth Amendments, but he did not allege how

Kulik's charging decision violated them.  Spell named as defendants Kulik and the

Allegheny County Sheriff's Office (collectively, the "Sheriff Defendants") and

Allegheny County itself.  All defendants filed motions to dismiss, which Spell opposed.[3]

---

[2] Spell claims that he had to apply for a firearm license with the Sheriff's Office in order to seek restoration of his firearm rights pursuant to 18 Pa. Cons. Stat. § 6105.1.  As the Commonwealth Court explained, that statute provides a mechanism to seek restoration of firearm rights by applying to the applicable Court of Common Pleas, not the Sheriff's Office.  See Spell, 2015 WL 7356222, at *3 n.15 (citing 18 Pa. Cons. Stat. § 6105.1(a)).  The procedure beginning with an application to the Sheriff's Office is limited to determining the accuracy of an applicant's criminal record and cannot result in relief from a disabling conviction.  See id. at *2-3 (discussing 18 Pa. Cons. Stat. § 6111.1(e)).

[3] Spell filed a document titled "amended complaint" that was docketed at ECF No. 15.  The document actually consists of legal argument in opposition to dismissal and does not contain any material factual allegations.  Thus, the District Court deemed it a response in opposition to defendants' motions and directed its Clerk to redocket it as such.

The District Court dismissed Spell's complaint without prejudice to his ability to file an amended complaint asserting the basis for his First and Fourteenth Amendment claims against the Sheriff Defendants. The District Court also permitted Spell to reassert the same claims against Allegheny County by alleging the violation of a policy or custom necessary for municipal liability under Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 690-91 (1978).

Spell then filed an amended complaint (which he titled "second amended complaint") alleging that Kulik's decision to charge him violated his First and Fourteenth Amendment rights to "petition and appeal." Spell did not plead anything regarding a policy or custom under Monell.

On defendants' motions, the District Court dismissed the amended complaint with prejudice. As to the Sheriff Defendants, the District Court concluded that Spell did not plausibly allege a First or Fourteenth Amendment violation and that, even if he had, the Sheriff Defendants were entitled to qualified immunity. As to Allegheny County, the District Court concluded that Spell had failed to allege anything regarding the violation of a policy or custom under Monell. The District Court also concluded that further amendment of Spell's complaint would be futile. Spell appeals, and both the Sheriff Defendants and Allegheny County have filed motions for summary affirmance.[4]

---

[4] We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of a complaint under Rule 12(b)(6), and we will affirm if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face." Burtch v. Milberg Factors, Inc., 662 F.3d 212, 220 (3d Cir. 2011) (quotation

4

II.

We will affirm primarily for the reasons explained by the District Court. The only claim warranting separate discussion is Spell's claim that Kulik violated his First Amendment right to petition by charging him with a crime. Spell does not claim that Kulik brought the charge in retaliation for Spell's exercise of his First Amendment rights. Cf. Hartman v. Moore, 547 U.S. 250, 256 (2006). Nor does he claim that the bringing of the charge interfered with his ability to pursue petitioning activity in any way. Instead, Spell alleges only that the bringing of the charge itself burdened his right to petition because the charge was based on a certification that he submitted as part of protected petitioning activity.

In particular, Spell argues that he had to apply for a firearm license in order to seek relief from his firearm disability. Spell further argues that he had to sign the application's certification (even though it was false) in order for the Sheriff's Office to consider the application. Thus, he argues, charging him for signing the certification (even though it was false) violated the First Amendment because it forced him to endure criminal prosecution in order to engage in this petitioning activity.

Spell's premise is mistaken because, as noted above, submitting an application for a firearm license was not a necessary or even a potentially valid means of challenging his

marks omitted). Recognition of qualified immunity is proper at the Rule 12(b)(6) stage "when the immunity is established on the face of the complaint." Leveto v. Lapina, 258 F.3d 156, 161 (3d Cir. 2001) (quotation marks omitted).

5

firearm disability.  We nevertheless assume without deciding that submitting the

application constituted protected petitioning activity.  We need not address whether Kulik

violated Spell's right to engage in that activity by bringing the charge because we agree

with the District Court that, even if Kulik did, he was entitled to qualified immunity.

Our agreement on that point rests on a different ground.  The District Court

concluded that Kulik was entitled to qualified immunity because it was reasonable for

Kulik to bring the charge under Pennsylvania law.[5]  The issue on Spell's First

Amendment claim, however, is whether it was reasonable for Kulik to believe that

bringing the charge did not violate the First Amendment.  Spell's allegations leave no

doubt that it was.

Under the doctrine of qualified immunity, a government official is entitled to

immunity from suit for violating a plaintiff's rights unless the right at issue was "clearly

established."  Reichle v. Howards, 132 S. Ct. 2088, 2093 (2012).  In determining whether

the right at issue was clearly established, the right must be defined at an appropriate level

of specificity.  See id. at 2094 & n.5.  In this case, treating the right at issue merely as the

---

[5] The reasonableness of the charge under Pennsylvania law would be relevant if Spell had claimed that Kulik maliciously prosecuted him in violation of the Fourth Amendment, but Spell's amended complaint cannot be liberally construed to assert such a claim.  In addition to not invoking the Fourth Amendment, Spell has not alleged that Kulik lacked probable cause to charge him or any facts plausibly suggesting that he "suffered deprivation of liberty consistent with the concept of seizure as a consequence of [his] legal proceeding."  Johnson v. Knorr, 477 F.3d 75, 81 (3d Cir. 2007).  To the contrary, Spell alleges only that his brief prosecution caused him emotional distress.  Spell's appellate brief also contains nothing suggesting that he could plead a plausible Fourth Amendment claim if given another opportunity to amend his complaint.

First Amendment right to petition would be defining it at too high a level of generality. See id. Instead, Spell is claiming the right to petition by submitting, under penalty of an unsworn-falsification statute, a certification that he knew was false. We have located no authority remotely suggesting, let alone clearly establishing, such a right. In the absence of such authority, it was not clearly established that Kulik's decision to charge Spell violated his First Amendment rights (assuming that it even did so, which we do not decide). See id. at 2093.[6]

III.

For these reasons, appellees' motions for summary action are granted, and we will affirm the judgment of the District Court.

---

[6] Spell's claim might warrant further consideration if submitting the application with the required certification were a necessary or even a potentially valid means of challenging his firearm disability. As explained above, however, it was not.