**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1626
_____

DANIEL BRADLEY,
                              Appellant

v.

POLICE OFFICER BLAKE KUNTZ;
CITY OF BETHLEHEM

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 5-14-cv-03221)
District Judge:  Honorable Lawrence F. Stengel

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 23, 2016

Before:  FUENTES, KRAUSE and SCIRICA, Circuit Judges

(Opinion filed:  July 7, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Appellant Daniel Bradley appeals from a district court order granting Appellees' motion for summary judgment. Because we conclude that this appeal presents no substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4; I.O.P. 10.6.

I.

Bradley, acting pro se, filed this action under 42 U.S.C. § 1983 after being arrested and incarcerated for 102 days for a crime he did not commit. In his Amended Complaint, Bradley named as defendants the City of Bethlehem and one of its police officers, Blake Kuntz.[1] Bradley asserted claims against Kuntz for: (1) illegal seizure in violation of the Fourth Amendment; (2) deprivation of liberty and due process in violation of the Fifth and Fourteenth Amendments; (3) false arrest/imprisonment; and (4) malicious prosecution. Additionally, Bradley brought a failure-to-train claim against the City of Bethlehem.

Bradley's claims stem from an incident in which Rosemary Johnson directly accused Bradley of stealing $150.00 from her while being allowed to stay at her residence; Johnson alleged that Bradley was the single person with access to her home when the money went missing. Kuntz, who was already familiar with Johnson due to his work with Bethlehem's community policing program, met with Johnson as part of his investigation into her claims. Although Kuntz was aware that Johnson suffered from mental health issues, he found that she appeared to be very clear, specific, and coherent

2

when discussing the facts of the theft. After his meeting with Johnson, Kuntz arrested Bradley pursuant to an arrest warrant, and met with Bradley on that same day. At a preliminary hearing, at which Johnson testified, an unlawful taking charge was bound over for trial while a receiving stolen property charge was dismissed.

Sometime after the preliminary hearing, Kuntz received a telephone call from an Assistant District Attorney ("ADA") regarding the charges that Bradley faced. The ADA explained to Kuntz that "there had been a paper provided by Mr. Bradley or his attorneys, documenting that Mr. Bradley had been in a mental health facility or hospital type facility on the date of the offense – reported date of the offense." E.D. Pa. Case No. 14-3221, Docket No. 39-2, p. 21. This information had not been disclosed by either Bradley or his attorney at the preliminary hearing. Rather, Bradley and Appellees have agreed that the first time that Kuntz learned that Bradley was in a mental health facility on the reported date of the offense was when he received the ADA's phone call after the preliminary hearing.

Appellees filed a motion for summary judgment. The District Court granted the motion on all claims. Bradley now appeals the District Court's order.

---

[1] Three other defendants were later voluntarily dismissed.

II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Our review of orders granting motions for summary judgment is plenary. See McGreevy v. Stroup, 413 F.3d 359, 363 (3d Cir. 2005). We will summarily affirm the District Court's order granting summary judgment because Bradley's appeal presents no substantial question. 3d Cir. LAR 27.4 and I.O.P. 10.6

To prove a malicious prosecution claim advanced under either the Fourth Amendment or Pennsylvania law, the plaintiff must demonstrate that the defendant acted, inter alia, without probable cause and with malice. See Johnson v. Knorr, 477 F.3d 75, 81–82 (3d Cir. 2007) (Fourth Amendment); Kelley v. Gen. Teamsters, Chauffeurs & Helpers, Local Union 249, 544 A.2d 940, 941 (Pa. 1988) (Pennsylvania law). Accordingly, in order for his malicious prosecution claims to survive summary judgment, Bradley was required to produce evidence that, first, he was prosecuted without probable cause; that is, that there was no "reasonable ground for belief of guilt." Maryland v. Pringle, 540 U.S. 366, 371 (2003) (internal quotation marks and citation omitted). He did not do so. The District Court correctly concluded that Kuntz had probable cause to believe that Bradley had committed the crime with which he was charged – namely, the specific testimony of Johnson in light of his experience with her in the community. Second, Bradley did not identify any evidence that Kuntz acted with malice when he initiated the criminal proceedings against him.

4

Likewise, the existence of probable cause forecloses Bradley's false arrest/imprisonment claims. "The proper inquiry in a section 1983 claim based on false arrest . . . is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense." Groman v. Twp. of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995) (internal quotation marks and citation omitted). "[A]n arrest warrant issued by a magistrate or judge does not, in itself, shelter an officer from liability for false arrest." Wilson v. Russo, 212 F.3d 781, 786 (3d Cir. 2000). Instead, a plaintiff may prevail "in a § 1983 action for false arrest made pursuant to a warrant if the plaintiff shows, by a preponderance of the evidence: (1) that the police officer knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause." Id. at 786-87 (citations and quotation marks omitted).

The District Court properly concluded that Bradley cannot meet this burden. Here, Bradley was arrested pursuant to an arrest warrant that was obtained by Kuntz. Bradley concedes that Kuntz did not have the information about Bradley being in the hospital on the day of the theft when he applied for the warrant. Moreover, in his deposition, Kuntz testified that when he spoke with Bradley after his arrest, Bradley said nothing about his hospital admission. The evidence in the record confirms that Kuntz had conducted a good faith investigation in which he had interviewed the victim and

5

confirmed that she would have had the money at her home when she alleged that Bradley was a guest. Kuntz also determined Johnson was being particularly credible as opposed to prior interactions he had with her. Kuntz was not on notice that further investigation was necessary. Probable cause is not the equivalent of evidence sufficient to prove Bradley's guilt. United States v. Burton, 288 F.3d 91, 98 (3d Cir. 2002). The District Court correctly concluded that Kuntz did not knowingly and deliberately, or with a reckless disregard for the truth, make false statements or omissions that create a falsehood in applying for the warrant in this case.[2]

Finally, summary judgment was properly granted on Bradley's claims of deprivation of liberty and due process under the Fifth and Fourteenth Amendments. As an initial matter, Bradley did not respond to the Motion for Summary Judgment as to his Fifth Amendment claim and the District Court granted that part of the motion as unopposed. This was acceptable. As to the Fourteenth Amendment claim, the Supreme Court has held that "[w]here a particular Amendment provides an explicit textual source of constitutional protection against a particular sort of government behavior, that

---

[2] Bradley's false imprisonment claim and illegal seizure claims are grounded in the Fourth Amendment's guarantee against unreasonable seizures, which also turn on the existence of probable cause. See Barna v. City of Perth Amboy, 42 F.3d 809, 820 (3d Cir. 1994). The Supreme Court has made it clear that an arrest based on probable cause cannot become the source of a claim for false imprisonment. Baker v. McCollan, 443 U.S. 137, 142 (1979); see also Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988) ("The proper inquiry in a section 1983 claim based on . . . misuse of the criminal process is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause to believe the person arrested had committed the offense.") Accordingly, summary judgment was properly granted on these

Amendment, not the more generalized notion of substantive due process, must be the guide for analyzing these claims." Albright v. Oliver, 510 U.S. 266, 273 (1994) (citation and internal quotation marks omitted). Therefore, summary judgment was correctly granted on these claims as duplicative of other claims asserted in the Amended Complaint.

Bradley raises a failure-to-train claim in an attempt to hold the City of Bethlehem liable. While this could be an alternative theory of liability, we are not persuaded that Bradley has demonstrated a disputed issue of material fact sufficient to survive summary judgment. See Reitz v. County of Bucks, 125 F.3d 139, 145 (3d Cir. 1997) ("[F]ailure to train can serve as a basis for § 1983 liability only 'where the failure to train amounts to deliberate indifference to the rights of persons with whom the [police] come into contact.'") (quoting City of Canton v. Harris, 489 U.S. 378, 388 (1989)). The evidence indicates that Bradley's case is not one where the police demonstrated deliberate indifference to the rights of others. Moreover, the District Court aptly indicated that establishing a failure-to-train claim under § 1983 is a difficult task because plaintiffs "must identify a failure to provide specific training that has a causal nexus with their injuries and must demonstrate that the absence of that specific training can reasonably be said to reflect a deliberate indifference to whether the alleged constitutional deprivations occurred." Reitz, 125 F.3d at 145 (citing Colburn v. Upper Darby Twp., 946 F.2d 1017, 1030 (3d Cir. 1991)). The City of Bethlehem was entitled to summary judgment because

claims as well.

7

Bradley had not identified a specific training or type of training that the City had failed to provide Kuntz that would have prevented Bradley's alleged injuries.

### III.

For these reasons, we conclude that this appeal presents no substantial question. Accordingly, we will summarily affirm the District Court's order granting the defendants summary judgment on Bradley's complaint.  See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.  Given our disposition of this appeal, we deny the Motion for Appointment of Counsel.