**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-3602
_____

FRANK TRUNZO,

Appellant

v.

SGT. MICHAEL MAYER; CITY OF SCRANTON

_____

Appeal from the United States District Court
for the Middle District of Pennsylvania
(No. 3:13-cv-00467)
District Judge:  Honorable Robert D. Mariani

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 12, 2016

Before:  CHAGARES, GREENAWAY, JR., and RESTREPO, Circuit Judges.

(Filed:  October 25, 2016)
_____

OPINION[*]
_____

CHAGARES, Circuit Judge.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Plaintiff Frank Trunzo appeals from the District Court's order granting defendants Sergeant Michael Mayer's and the City of Scranton's motion for summary judgment on Trunzo's false arrest and malicious prosecution claims made pursuant to 42 U.S.C. § 1983. On appeal, Trunzo argues that the District Court erred in its determination that probable cause existed to arrest and charge him with harassment by communication under 18 Pa. Cons. St. § 2709(a)(4). For the reasons that follow, we will affirm.

I.

We write solely for the parties and therefore recite only the facts necessary to our disposition. It is undisputed that on May 21, 2012, Trunzo sent a "friend request" and two messages through Facebook to Nancy Jennings. The messages stated:

> hey lower then pond scummm bag, I just heard you were near my son at the school grounds and scared my 2 year old, I herd all about you, and its all bad stuff, your a scumbag pot head from way back, I wish I was there when u scared my son, a 2 year old, well degenarate scum bag u f with the wrong person. ill make sure period …… you are being under investigation.
>
> Denaples truck were circling the school at the end of the day .. dirt bag. ugly whore. is your babys daddy out of prison yet? you are so ugly and grose .. anyone that knows the munley monster., is just as dirty and ugly as her,, smoke your pot do your coke,, go take a bath ugly bitch … stay the fuck away from me my kid and my girls kes and you had the nerve to say hi to Mariah today .. don't touch. her ..Denaples have your name…you were surrounded today..and you will be surrounded today..ungly fat piece of shit Just like whore beg Munley that Mariah whishes didn't exist ..

Appendix ("App.") 112.

Later that same day, Mayer, who is a sergeant in the Scranton Police Department, completed an Affidavit of Probable Cause in connection with a Criminal Complaint filed

2

before Magistrate Judge Paul Ware. Mayer's affidavit indicated that he responded to Jennings's home after a report of harassment. According to the affidavit, Jennings told Mayer that, as she was dropping her child off at school earlier in the day, the school maintenance engineer asked that she watch an interaction with Trunzo to witness whether he was intoxicated. The affidavit indicates that Jennings stated that Trunzo left after the interaction, "in a newer black Cadillac suv/station wagon with tinted windows." Id. at 25. As set forth in the affidavit, when Jennings returned to pick up her child later that afternoon, "she could see that Mr. Trunzo was staring at her the entire time." Id. The Facebook messages were sent later that afternoon, at approximately 2:57 p.m. and 4:29 p.m. See id. at 112.

Mayer's Affidavit of Probable Cause then focused on the content of the messages sent. Specifically, the affidavit noted that Trunzo told Jennings that she had "f with the wrong person," and that she had been and "will be surrounded." Id. at 25, 112. Mayer also attested that he visited Trunzo's home "to attempt to get his side of the story," but that after he knocked "a male made a quick peak [sic] out the window and nobody answered the door." Id. at 25. Mayer indicated that he then returned to police headquarters, where he contacted an assistant district attorney who "agreed that Harassment . . . was the appropriate charge." Id. Mayer then "gave Mr. Trunzo one last call to speak to him and advise him to cease contact with Ms. Jennings but [the] call went unanswered." Id. Mayer indicated that a charge for harassment, pursuant to 18 Pa. Cons. Stat. § 2709(a)(4), would be "filed via summons." Id.

3

A Magistrate issued an arrest warrant on May 22, 2012.  See App. 27. That evening, Mayer and another police officer arrested Trunzo at his home.  Trunzo was brought to the Lackawanna County Sheriff's Office, and then to the Lackawanna County Jail.  He was released the next morning after appearing before a magistrate judge.  The charges against Trunzo were ultimately dropped upon his agreement to refrain from contacting Jennings.  See App. 102-04.

On June 20, 2014, Trunzo filed an Amended Complaint against Mayer and the City of Scranton (the "City").  The Amended Complaint set forth claims for damages based on:  (1) false arrest, pursuant to 42 U.S.C. § 1983; (2) malicious prosecution, pursuant to 42 U.S.C. § 1983; (3) malicious prosecution, pursuant to Pennsylvania law; (4) intentional infliction of emotional distress, pursuant to Pennsylvania law; (5) abuse of process under Pennsylvania law; and (6) municipal liability, pursuant to 42 U.S.C. § 1983 and Monell v. Department of Social Services, 436 U.S. 658 (1978).  Trunzo's claims were all based on the theory that harassment charge was brought without probable cause, or was based upon a fabricated Affidavit of Probable Cause.

The City and Mayer filed a motion for summary judgment on all counts, which the District Court granted in its entirety.  The District Court found that "there can be no doubt that the facts available to a reasonable police officer at the time Defendant Mayer wrote his affidavit and effectuated Plaintiff's arrest amount to probable cause."  App. 198.  In so finding, the District Court relied solely on the "threatening" content of the Facebook messages — such as Trunzo's statements that Jennings was "under investigation," and that she was and will be "surrounded," id. at 200-01, — and no other

4

assertions made in Mayer's Affidavit of Probable Cause. The District Court held that "[a]s a matter of law . . . Mayer had a reasonable basis to find that the messages constituted probable cause to charge Plaintiff under 19 Pa. Cons. Stat. § 2709(a)(4) based on a fair and complete reading of the messages themselves." Id. at 200. Accordingly, the District Court granted the defendants' motion for summary judgment in its entirety. As to the section 1983 claims and analogous state law claims, the District Court held that Trunzo could not make the requisite showing that the defendants had effectuated the arrest or initiated the criminal proceeding without probable cause.[1]

Trunzo timely appealed the District Court's order granting the defendants' motion for summary judgment on the section 1983 claims alleging malicious prosecution and false arrest.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331, and we have jurisdiction pursuant to 28 U.S.C. § 1291 to review a final decision of a district court.

We review a district court's grant of summary judgment de novo. See McMaster v. E. Armored Servs., Inc., 780 F.3d 167, 169 n.2 (3d Cir. 2015). Summary judgment is appropriate if "drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a

---

[1] The District Court also granted the defendants' summary judgment motion on the claims of abuse of process, intentional infliction of emotional distress, and state law claims for malicious prosecution. Trunzo, however, does not appeal the District Court's ruling on those claims, or the court's summary judgment ruling on the municipal liability claim.

matter of law." Young v. Martin, 801 F.3d 172, 177 (3d Cir. 2015) (alterations omitted) (quoting Ruehl v. Viacom, Inc., 500 F.3d 375, 380 n.6 (3d Cir. 2007)); see also Fed. R. Civ. P. 56(a).

### III.

Trunzo argues that the District Court erred when it determined that probable cause existed for his arrest.[2] He argues that a court should look only to the content of the Facebook messages — not the statements attributed to Jennings in the Affidavit of Probable Cause — and that the content of the messages is not enough, on its own, to establish probable cause for the state harassment charge. Trunzo urges us to view the Facebook messages as "nonsensical," "poorly worded," "vague," and "gibberish." Trunzo Br. 10. He argues that "no reasonable person would conclude that the Facebook ramblings . . . were lewd, lascivious, threatening, or obscene," and that there was no "intent to harass present." Id. at 11. Trunzo claims that he had a "legitimate purpose" in sending the communications — his "concern for his child who was exposed to an unspecified event" at school. Id. at 12.

---

[2] Probable cause is a necessary element for both a false arrest claim and malicious prosecution claim made pursuant to section 1983. To state a claim for false arrest pursuant to section 1983, a plaintiff must establish that there was an arrest, and that the arrest was made without probable cause. See Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988). To state a claim for malicious prosecution pursuant to section 1983, a plaintiff must establish that: (1) the defendant initiated a criminal proceeding; (2) that the proceeding was initiated without probable cause; (3) the proceeding ended in the plaintiff's favor; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) as a consequence of the proceeding, the plaintiff suffered a deprivation of liberty consistent with the concept of seizure. See Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007). Therefore, as a matter of law, neither the false arrest nor malicious prosecution claim can succeed if there was probable cause.

We agree with the District Court that, based solely on the content of the Facebook messages sent, Mayer had "a reasonable basis to find that the messages constituted probable cause to charge [Trunzo] under the harassment statute at issue in this case."[3] App. 201. In Pennsylvania, harassment is defined as:

> (a) OFFENSE DEFINED. — A person commits the crime of harassment when, with intent to harass, annoy or alarm another, the person:
> . . .
> (4) communicates to or about such other person any lewd, lascivious, threatening or obscene words, language, drawings, or caricatures.

18 Pa. Cons. Stat. § 2709 (emphasis added).

There can be no genuine dispute that, based on a fair and complete reading of Trunzo's Facebook messages, the content contained therein suffices to establish probable cause for a violation of Pennsylvania's harassment statute. "Probable cause exists where the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." United States v. Cruz, 910 F.2d 1072, 1076 (3d Cir. 1990). Although "[t]ypically, the existence of probable cause in a section 1983

---

[3] Trunzo also argues that the affidavit does not support a probable cause determination as it contains misstatements and hearsay. But we need not, and will not, consider the merits of this argument on appeal. The District Court held that the probable cause finding could be supported solely by the content of the Facebook messages, see App. 200-01, and we hold the same. In any event, we note that "probable cause may be founded upon hearsay and upon information received from informants, as well as upon information within the affiant's own knowledge that sometimes must be garnered hastily." Franks v. Delaware, 438 U.S. 154, 165 (1978). See also United States v. Parcel of Real Prop. Known as 6109 Grubb Rd., Millcreek Twp. Erie Cty., Pa., 886 F.2d 618, 621 (3d Cir. 1989) ("Probable cause can be established by hearsay.").

action is a question of fact," a court "may conclude in the appropriate case . . . that probable cause did exist as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding." Sherwood v. Mulvihill, 113 F.3d 396, 401 (3d Cir. 1997).

Here, although the numerous insults (i.e., "scumbag," "ugly whore," "ugly bitch," "fat piece of shit," see App. 112) hurled on Jennings might not, in and of themselves, constitute "threatening" words or demonstrate the requisite "intent to harass" under Pennsylvania's harassment statute, Trunzo accompanied those words with insinuations that he was watching Jennings and might take some type of harmful action toward her. Trunzo wrote to Jennings that she had "f with the wrong person," and as a result, that she was "under investigation," that a third person "ha[s] [Jennings's] name," that she had been "surrounded" earlier that day, and that she "will be surrounded." Id. Mayer referenced these same statements in his Affidavit of Probable Cause. Those undisputed facts and circumstances are "sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested." Estate of Smith v. Marasco, 318 F.3d 497, 514 (3d Cir. 2003) (quoting Orsatti v. New Jersey State Police, 71 F.3d 480, 482 (3d Cir.1995)).[4]

---

[4] Trunzo also suggests that Mayer had "questionable" motives in effectuating Trunzo's arrest, as evidenced by the decision to wait "until the close of business of local District Justice offices to arrest Trunzo knowing full well that the Appellant would be immediately incarcerated in the Lackawanna County Jail," and incorrectly "inform[ing] the District Justice through his filing that the Criminal Complaint . . . would be filed via summons." Trunzo Br. 8-9. These assertions do not change our analysis. To determine whether an officer had probable cause to arrest an individual, a court is to "examine the events leading up to the arrest, and then decide whether these historical facts, viewed

8

Therefore, we hold that the defendants' summary judgment motion was properly granted, as there is no genuine dispute of material fact as to the existence of probable cause in effectuating Trunzo's arrest and the initiation of criminal proceedings against him.

IV.

For the foregoing reasons, we will affirm the District Court's order granting Mayer's and the City of Scranton's motion for summary judgment.

---

from the standpoint of an <u>objectively reasonable police officer</u>, amount to probable cause." <u>Maryland v. Pringle</u>, 540 U.S. 366, 371 (2003) (quotation marks omitted and emphasis added). <u>See also</u> <u>Cruz</u>, 910 F.2d at 1076 ("Probable cause exists where the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant <u>a reasonable person</u> to believe that an offense has been or is being committed by the person to be arrested." (emphasis added)). As we hold that — viewed from the standpoint of an objectively reasonable police officer — there was probable cause to effectuate the arrest and initiate criminal proceedings, Trunzo's section 1983 claims necessarily fail.