**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 20-1967
_____

DETECTIVE DERRICK JACOBS,
                                                 Appellant

v.

CITY OF PHILADELPHIA;
PHILADELPHIA DISTRICT ATTORNEY OFFICE;
LAWRENCE S. KRASNER; TRACY TRIPP
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-04616)
Magistrate Judge:  Honorable Harvey Bartle III
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 23, 2020
Before:  AMBRO, PORTER and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Opinion filed: December 1, 2020)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Derrick Jacobs appeals from the order of the District Court dismissing his amended complaint. We will affirm in part, vacate in part, and remand for further proceedings.

## I.

Jacobs is a detective with the Philadelphia Police Department. He filed pro se an amended complaint asserting various federal and state-law claims against four defendants. Jacobs's claims relate to his participation in the investigation of a shooting by a police officer. Jacobs alleged, among other things, that Assistant District Attorney Tracy Tripp presented false information to a grand jury in order to obtain the indictment of the officer involved. He further alleged that, when he attempted to expose that alleged misconduct, Tripp retaliated against him by filing criminal charges—which she later withdrew—falsely accusing him of leaking grand jury material.

The defendants filed a motion to dismiss Jacobs's amended complaint under Fed. R. Civ. P. 12(b)(6). The District Court granted that motion and dismissed all of Jacobs's federal claims with prejudice. The District Court also declined to exercise supplemental jurisdiction over a claim that Jacobs asserted under Pennsylvania's whistleblower statute and dismissed that claim without prejudice. Jacobs appeals.[1]

## II.

---

[1] We have jurisdiction under 28 U.S.C. § 1291. Our review of dismissals under Rule 12(b)(6) is plenary. See Black v. Montgomery Cnty., 835 F.3d 358, 364 (3d Cir. 2016). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. (quotation marks omitted). We review the denial of leave to amend for abuse of discretion. See Mullin v. Balicki, 875 F.3d 140, 150 (3d Cir. 2017).

We will vacate and remand for further consideration of three of Jacobs's claims. This result turns largely on Jacobs's claim under 42 U.S.C. § 1983 that defendants filed false criminal charges against him in retaliation for his exercise of First Amendment rights. To plead a § 1983 retaliation claim, a plaintiff must allege: (1) that he or she engaged in constitutionally protected conduct; (2) that the defendant took action sufficient to deter an ordinary person from engaging in such conduct; and (3) a causal connection between the two. See Palardy v. Twp. of Millburn, 906 F.3d 76, 80-81 (3d Cir. 2018), cert. denied, 139 S. Ct. 2011 (2019). When the alleged retaliation takes the form of criminal charges, causation requires a showing that the charges were not supported by probable cause. See Miller v. Mitchell, 598 F.3d 139, 154 (3d Cir. 2010).

In this case, the District Court dismissed Jacobs's retaliation claim on the sole ground that he did not allege protected speech. The District Court reasoned that Jacobs relied on an August 2, 2018 conversation with Tripp in which he voiced his concerns about the allegedly false grand jury information. The District Court further reasoned that this conversation was not protected by the First Amendment because it occurred during the course of Jacob's official duties as a public employee. See Palardy, 906 F.3d at 81.

Jacobs agrees. He argues, however, that he made other efforts outside of his normal job duties to "expose" Tripp's alleged misconduct. He argued below that he "spoke to an Attorney in the Attorney General department about Tripp." (ECF No. 14 at 7.) And on appeal, he asserts that he made "attempts to expose" Tripp's alleged misconduct. (Appellant's Br. at 15-16.) In particular, Jacobs asserts that he sought counsel to discuss how to report Tripp's alleged misconduct, that Tripp asked Jacobs's

3

commanding officer to inquire about the nature of Jacobs's privileged communications with counsel, that Jacobs's commanding officer told Tripp that Jacobs was speaking with counsel about how to report Tripp's alleged conduct, and that Tripp then filed the allegedly retaliatory criminal charges about three weeks later. (Id. at 6.)

Jacobs argues that his activities in this regard are indeed protected by the First Amendment. Defendants do not argue otherwise and instead acknowledge that Jacobs's assertions in this regard concern a "potential form of speech."[2] Defendants argue, however, that Jacobs failed to include these allegation in his amended complaint. The District Court similarly declined to address factual assertions that Jacobs raised below but did not include in his amended complaint.

Jacobs's factual assertions, however, stated a potential basis to further amend his complaint. "In our Circuit, district courts must offer amendment in civil rights cases—irrespective of whether it is requested—when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Mullin, 875 F.3d at 151 (quotation marks and alterations omitted). The District Court did not address the possibility of amendment in this case. Nor can we say that Jacobs already has had an adequate opportunity to amend in this regard.[3]

---

[2] Other Court have recognized that consultation with counsel can be protected by the First Amendment. See, e.g., Mothershed v. Justices of the Supreme Court, 410 F.3d 602, 611 (9th Cir. 2005) (collecting cases). We need not address the issue further at this time because neither the defendants nor the District Court have done so and because the contours of Jacobs's claim may depend on further proceedings on remand.

[3] Although Jacobs already has filed an amended complaint, he did so in response to defendants' first motion to dismiss in which they argued merely that he failed to identify a constitutional provision or federal statute sufficient to invoke the District Court's

Thus, we will vacate the dismissal of Jacobs's First Amendment retaliation claim and remand for the District Court to allow Jacobs to further amend his complaint unless it finds that amendment would be inequitable or futile. In light of this ruling, we also will vacate the District Court's dismissal of Jacobs's § 1983 claim of conspiracy and his claim under the Pennsylvania whistleblower statute.[4] We will affirm the District Court's dismissal of all other claims, including Jacobs's § 1983 claims of defamation[5] and of malicious prosecution under the Fourth Amendment.[6]

federal-question jurisdiction. Jacobs then amended his complaint to specify the nature of his federal claims. When Jacobs did so, neither the defendants nor the District Court had raised the issue of whether Jacobs had alleged protected speech.

[4] The District Court dismissed Jacobs's conspiracy claim on the sole ground that he had not alleged an underlying constitutional violation. The District Court also declined to exercise supplemental jurisdiction over Jacobs's state-law whistleblower claim after dismissing all of his federal claims. The District Court can revisit these issues as appropriate on remand.

[5] Defendants argue that Jacobs has not alleged anything potentially satisfying the "stigma plus" standard for § 1983 claims alleging injury to reputation. See Hill v. Borough of Kutztown, 455 F.3d 225, 236 (3d Cir. 2006). We agree. Jacobs argues that defendants' alleged conduct has prevented him from testifying in court as he usually would, but that alleged change in his employment circumstances is not a sufficient predicate for this claim. See Clark v. Twp. of Falls, 890 F.2d 611, 619 (3d Cir. 1989). Jacobs also has raised nothing below or on appeal suggesting that further amendment of this claim might be warranted.

[6] The District Court dismissed this claim because Jacobs had not alleged "a deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Allen v. N.J. State Police, 974 F.3d 497, 502 (3d Cir. 2020) (quoting Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007)). We agree. Jacobs argues that the mere filing of criminal charges constitutes the requisite deprivation of liberty, but that is not the case. See DiBella v. Borough of Beachwood, 407 F.3d 599, 602-03 (3d Cir. 2005). We note that this "deprivation of liberty" element is not required when a plaintiff bases a malicious prosecution claim on the First Amendment rather then the Fourth Amendment. See Johnson, 477 F.3d at 82 n.8. Jacobs, however, does not appear to have alleged anything

5

## III.

For these reasons, we will affirm in part, vacate in part, and remand for further proceedings.  We emphasize that we are remanding solely for the District Court to consider further amendment of Jacobs's complaint.  We express no opinion on the truth of Jacobs's factual allegations, the merits of his remanded claims, or on any other matter not addressed herein.

---

in this regard not already covered by his claim of First Amendment retaliation and its requirement of an absence of probable cause as discussed above.