NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-1207
_____

HOZAY ROYAL,
                                        Appellant

v.

*MACY'S RETAIL HOLDINGS, LLC; JAY NAKAHARA

(*Amended Pursuant to Clerk Order Dated 03/01/23)
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-21-cv-04439)
District Judge:  Honorable Eduardo C. Robreno
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 27, 2024

Before:  JORDAN, PHIPPS, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: March 4, 2024 )
_____

OPINION*
_____

PER CURIAM

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se Appellant Hozay Royal filed a Complaint against Defendants Macy's Retail Holdings LLC ("Macy's") and Jay Nakahara, a police detective. According to Royal's operative second amended complaint and the attached affidavit of probable cause, an employee of Macy's Loss Prevention team apprehended Royal after he had passed all points of sale without paying for merchandise. Then, using its loss-prevention technology, Macy's compiled photographic and video evidence of Royal's leaving the store with merchandise on six other occasions without paying. Nakahara obtained an arrest warrant, and Royal was arrested.

Royal was charged with six counts of retail theft. Before trial, the Commonwealth dropped one count—concerning an incident that occurred on February 21, 2019—and replaced it with a count concerning an incident that occurred on another day. Royal was convicted of those six counts.

In Royal's federal complaint, he raised a variety of claims concerning the withdrawn February 21, 2019 count, including false arrest and imprisonment, fabrication of evidence, negligent supervision, and malicious prosecution. The District Court dismissed some claims on screening, and Royal filed an Amended Complaint. On the Defendants' motions, the District Court dismissed all but a malicious prosecution claim against Macy's, though it allowed Royal to amend a malicious prosecution claim against Nakahara and a negligent supervision claim against Macy's. Royal filed a Second Amended Complaint, covering much of the same ground as his earlier Amended Complaint. The Defendants filed separate motions to dismiss. The District Court granted the motions and dismissed Royal's claims with prejudice. Royal filed a motion

for reconsideration. The District Court denied this motion. Royal filed a notice of appeal, which is timely because the District Court granted his motion under Fed. R. App. P. 4(a)(6).[1]

We have jurisdiction under 28 U.S.C. § 1291. Our review of a district court's decision to dismiss a complaint is de novo. See Dique v. N.J. State Police, 603 F.3d 181, 188 (3d Cir. 2010). We must "consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." Mayer v. Belichick, 605 F.3d 223, 230 (3d Cir. 2010). We review for abuse of discretion a district court's order denying a motion for reconsideration. See Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

In his opening brief, Royal presents just one argument: that the District Court erred in concluding that Nakahara had probable cause to arrest him, which was fatal to Royal's malicious-prosecution claim. See generally Johnson v. Knorr, 477 F.3d 75, 81–82 (3d Cir. 2007).[2] In sum, Royal alleges that Nakahara and the Macy's employee fabricated the incident, and that Nakahara lacked probable cause to arrest him.

"Probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person to be arrested."

---

[1] The appellees' motions to dismiss the appeal are therefore denied.

[2] Royal has forfeited any other potential issue. See In re Wettach, 811 F.3d 99, 115 (3d Cir. 2016).

3

Merkle v. Upper Dublin Sch. Dist., 211 F.3d 782, 788 (3d Cir. 2000) (quoting Orsatti v. N.J. State Police, 71 F.3d 480, 482 (3d Cir. 1995)).  When a plaintiff is challenging the validity of a warrant "by asserting that law enforcement agents submitted a false affidavit," the plaintiff must show "(1) that the affiant knowingly and deliberately, or with a reckless disregard for the truth, made false statements or omissions that create a falsehood in applying for a warrant; and (2) that such statements or omissions are material, or necessary, to the finding of probable cause."  Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997).  Where the reasons for seeking a warrant are provided in an affidavit and a magistrate has found probable cause, "the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner," and "the resolution of doubtful or marginal cases in this area should be largely determined by the preference to be accorded to warrants."  United States v. Ventresca, 380 U.S. 102, 109 (1965).

We concur with the District Court's finding of probable cause.  As the District Court explained, the information referenced in the Affidavit included a photo of Royal leaving Macy's on the date in question with specified stolen property, details about an earlier incident in which Royal was arrested for stealing from Macy's, and evidence that Royal had stolen from Macy's multiple times; these facts support a finding of probable cause.  See Sharrar v. Felsing, 128 F.3d 810, 818–19 (3d Cir. 1997); United States v. Dyer, 580 F.3d 386, 392 (6th Cir. 2009).

Royal argues that eyewitness testimony is necessary for finding probable cause, but he is mistaken, in that officers have probable cause when they receive information

4

from a person whom they would reasonably believe to be telling the truth. <u>See</u> <u>Sharrar</u>, 128 F.3d at 818–19. While this is normally an eyewitness or victim, it need not be, and courts have utilized images when making a finding of probable cause. <u>See, e.g.</u>, <u>Caldarola v. Calabrese</u>, 298 F.3d 156, 167 (2d Cir. 2002); <u>United States v. Scheets</u>, 188 F.3d 829, 839 (7th Cir. 1999). Further, as to Royal's claim regarding the validity of the Affidavit, we conclude that he has failed to show that there were any material false statements or omissions in the Affidavit. <u>See</u> <u>Sherwood</u>, 113 F.3d at 399.

Accordingly, we will affirm the District Court's dismissal of Royal's claims and the denial of his motion for reconsideration.[3]

---

[3] Macy's motion to supplement the appendix is granted.