**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-1759

_____

CARL E. RODGERS,
Appellant

v.

PENNSYLVANIA STATE POLICE; JEFFREY STINE;
DEAN SHIPE; SCOTT DENISCH; SEAN MOYER;
MARK MAGYAR; JOHN DOES

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(District Court No. 1:20-cv-02115)
District Judge: Honorable Sylvia H. Rambo

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 16, 2025

_____

Before: PHIPPS, FREEMAN, and CHUNG, <u>Circuit Judges</u>

(Filed: February 20, 2025)

_____

OPINION[1]

_____

CHUNG, <u>Circuit Judge</u>.

---

[1]   This disposition is not an opinion of the full Court and, pursuant to I.O.P. 5.7, does not constitute binding precedent.

A grand jury's issuance of a presentment or indictment creates a presumption of probable case. To succeed on a malicious prosecution claim, a plaintiff must overcome that presumption. Carl Rodgers argues that the District Court erred in granting summary judgment to the defendants because he presented sufficient evidence to overcome that presumption. We disagree and will affirm.

I.     BACKGROUND[2]

On April 23, 1983, Debra Rodgers ("Debra") went missing. That same day, her husband, Carl Rodgers ("Rodgers"), called Debra's mother to inquire about Debra's whereabouts. This prompted Debra's family to drive to the couple's farm and begin searching for her. The next morning, Debra's body was located in the woods off a remote road. Her body had visible signs of trauma, including deep slashes across both wrists, indicative of suicide. A knife and sheath bearing the name "Carl" were recovered nearby. Rodgers was investigated, and a grand jury was convened to consider charging him in connection with Debra's death. The grand jury was not ultimately requested to issue a presentment at that time.

Over thirty years later, a Pennsylvania State Police task force met to discuss the investigation and recommended resuming it. A grand jury again convened, and this time, issued a presentment recommending that the Commonwealth charge Rodgers with murder.[3] The grand jury found probable cause that Rodgers murdered Debra and that her

---

[2]    Because we write for the parties, we recite only facts pertinent to our decision.

[3]    Under Pennsylvania law, "[g]rand juries issue both indictments and presentments. With indictments, the grand jury sets forth felony charges asserted by the government

2

wrists had been slashed to make her death look like a suicide. Accordingly, Rodgers was charged and later tried for murder. After deliberating for only an hour, the jury acquitted Rodgers.

Rodgers then brought this 42 U.S.C. § 1983 action against the Pennsylvania State Police and various officers alleging malicious prosecution under the Fourth Amendment and other causes of action. After discovery, the defendants moved for summary judgment. The District Court granted summary judgment on the malicious prosecution claim, holding that the evidence, viewed in the light most favorable to Rodgers, did not undermine defendants' probable cause to prosecute Rodgers, and Rodgers failed to show the required malice to succeed on a malicious prosecution claim. Rodgers timely appealed.

II.    DISCUSSION[4]

---

after finding probable cause that a person under investigation has committed the alleged crime. With presentments, the grand jury recommends for prosecution charges it has initiated, or it issues reports condemning official misconduct not rising to the level of a criminal offense." Commonwealth v. Slick, 639 A.2d 482, 484 n.1 (Pa. Super. Ct. 1994); see also 42 Pa. Cons. Stat. § 4551(a) (discussing presentments).

[4]    The District Court possessed subject matter jurisdiction pursuant to 28 U.S.C. § 1331. We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review of the District Court's summary judgment decision is plenary. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 141 (3d Cir. 2017). Summary judgment is appropriate when the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Although the nonmovant's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor in determining whether a genuine factual question exists," summary judgment should be granted "unless there is sufficient evidence for a jury to reasonably find for the nonmovant." Barefoot Architect, Inc. v. Bunge, 632 F.3d 822, 826 (3d Cir. 2011) (internal quotation marks omitted).

3

To succeed on a Fourth Amendment malicious prosecution claim, a plaintiff must show that:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in [plaintiff's] favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Johnson v. Knorr, 477 F.3d 75, 82 (3d Cir. 2007). Under this standard, "[a] finding of probable cause is … a complete defense" to a claim of malicious prosecution. Goodwin v. Conway, 836 F.3d 321, 327 (3d Cir. 2016).

Here, Rodgers was charged as recommended by a grand jury's presentment. "[A] grand jury indictment or presentment constitutes prima facie evidence of probable cause to prosecute …." Rose v. Bartle, 871 F.2d 331, 353 (3d Cir. 1989). Thus, a presentment creates a "presumption" of probable cause. Xi v. Haugen, 68 F.4th 824, 841 (3d Cir. 2023). This "presumption may be rebutted by a plausible allegation that the indictment was 'procured by fraud, perjury or other corrupt means.'" Id. (quoting Rose, 871 F.3d at 353).

The presentment contains considerable inculpatory evidence that supports a finding of probable cause. Nonetheless, Rodgers attempts to show the use of "fraud, perjury or other corrupt means" by arguing that the defendants failed to present exculpatory or potentially exculpatory evidence to the grand jury. This argument fails for two reasons. First, Rodgers's argument is based on speculation as to what forensic examination would have revealed had certain items of evidence been retained. These

4

assertions do not create a genuine issue that the evidence was exculpatory. Second, we have previously held that when a grand jury presentment contains facts supporting probable cause, a failure to provide exculpatory evidence to the grand jury does not demonstrate that the presentment was procured by fraud, perjury or other corrupt means. See Camiolo v. State Farm Fire & Cas. Co., 334 F.3d 345, 363 (3d Cir. 2003) (citing United States v. Williams, 504 U.S. 36, 51 (1992)).[5] In sum, Rodgers fails to establish a genuine issue that the specified evidence was exculpatory or that the grand jury's presentment was obtained by fraud, perjury or other corrupt means.

Rodgers also points to an email chain including two of the defendants that, according to Rodgers, "appears to discuss 'making-up' autopsy photos." Rodgers Br. 14. However, a review of the whole email does not produce a genuine dispute that probable cause was lacking, and the District Court properly rejected Rodgers' argument. The email discusses making enlarged versions of various photos and diagrams to potentially be "mounted on board," and presumably used at trial. J.A. 148. The email then states, "I can make one up of the autopsy photos also if you think you want them." Id. Clearly,

---

[5] Rodgers attempts to rebut this presumption by showing that the officer "knowingly and deliberately, or with a reckless disregard for the truth, made materially false statements *or omissions*" Xi, 68 F.4th at 841 (emphasis added) (brackets omitted) (quoting Sherwood v. Mulvihill, 113 F.3d 396, 399 (3d Cir. 1997)). As Rodgers concedes, this language "concerns a search warrant," but he "submit[s] the rebuttal also applies to Grand Jury presentments." Rodgers Br. 16. This broader application, however, is foreclosed by our holding in Camiolo. 334 F.3d at 363. While other circuits have held that a failure to disclose exculpatory evidence to a grand jury can rebut the presumption of probable cause founded upon a grand jury's indictment, see, e.g., Harris v. Town of Southern Pines, 110 F.4th 633, 643–44 (4th Cir. 2024).

5

this was an offer to create an enlarged version of the existing autopsy photos. Thus, the District Court properly rejected Rodgers' proposed reading as unreasonable. See Halsey v. Pfeiffer, 750 F.3d 273, 287 (3d Cir. 2014) ("In considering a summary judgment motion, a court must view the evidence in the light most favorable to the non-moving party and give that party the benefit of all *reasonable* inferences that can be drawn from the evidence." (emphasis added)). In any event, this email was sent months after the grand jury issued its presentment. Therefore, the email does not establish a genuine dispute that the presentment was "procured by fraud, perjury or other corrupt means." Rose, 871 F.2d at 353.

Rodgers also alleges various inaccuracies in the Pennsylvania State Police crime report and grand jury presentment. However, Rodgers fails to show that that any alleged misstatements in the report were knowingly false or were material to the grand jury's finding of probable cause. Id. Rodgers also takes issue with the strategies the police used to investigate him. However, none of the purported deficiencies in the investigation negate the evidence supporting the grand jury's finding of probable cause. Id.

III.    CONCLUSION

For the forgoing reasons, we will affirm the judgement of the District Court.[6]

---

[6]    Because we can affirm on the basis of probable cause alone, we need not reach the defendants' immunity arguments or arguments related to the involvement of particular defendants, nor do we reach the issue of whether the defendants acted with the required malice to support a malicious prosecution claim.